<div style="margin-note">
Rutland,
January,
1826.
</div>

STEPHEN W. DANA *vs.* WILLIAM NELSON and CALEB HALL.—*IN CHANCERY.*

A demurrer going to the merits of the bill, having been put in with an answer also, and a hearing being first had upon the demurrer, without regard to the answer, and the demurrer overruled, it was held by two of the chancellors, that the judgment upon the demurrer was conclusive, upon the principles of the bill; but, by the other two, that it was not.

A letter offered in evidence on the trial, without having been proved, was permitted to be proved on the hearing, such having been the former practice

Although a court of chancery will not reverse the judgment of a court of law, nor decide over again a point decided by a court of law; yet, they will hear the *same subject of controversy*, upon grounds not litigated in the court of law, either for want of legal testimony, which in chancery may be supplied by the oath of the party, or because it was a subject of equity jurisdiction, and not admissible at law, or, perhaps, for other causes; and *perpetually enjoin a judgment at law.*— And this, too, though the grounds, at the time of the injunction, may be considered cognizable at law, if they were not so considered when the judgment was rendered, and the bill in equity was brought; for, the court of chancery, once having jurisdiction, have it to the end of the suit..

THIS was a bill in chancery, in which the orator stated in substance, that on the tenth day of October, 1817, he and the said William Nelson entered into a partnership, as manufacturers of stove-pipes and tin and sheet iron wares, for the term of five months. That on the 11th day of August, 1818, the said partnership was renewed, and continued till the 1st day of June,

*Rutland,*
January,
1826.

*Dana*
*vs.*
Nelson, *et al.*

1819, when it was dissolved; on which occasion the stock on hand, and divers of the partnership demands were assigned by the said Nelson to the orator, and notice thereof published in in the newspaper printed at Rutland. That during the last partnership, the defendant, *Hall,* purchased and received of the partners, wares to the amount of $253,63, which were charged in account in the partnership-books; and during the same period, the said partners received of said Hall divers articles of hollow ware, to sell on commission, for the benefit of, and when sold, to be passed to the credit of said Hall. That among the demands so assigned to the orator, was this demand against said Hall. That the said Nelson, on that occasion, by his agreement in writing, promised the orator that he would not collect any of the demands, so assigned, &c.

That the said Hall was informed by the orator and the said Nelson, of the said assignment, and requested by the orator to give his note to the orator, for the balance of said account, which the said Hall promised to do soon; but neglected the same. Whereupon, afterwards, on the 1st day of October, 1819, the orator commenced an action on book account, in the name of said Dana and Nelson, against the said Hall, to recover said balance. That at the December term of Rutland county court, 1819, the said Hall gave judgment in said action to account, and an auditor was duly appointed, with leave to report at the then next term. That at the next term the said Hall obtained a continuance of said action, on affidavit, alleging the materiality and necessity of the personal attendance of the said William Nelson as a witness in his behalf.

*But* that afterwards, on the 29th day of July, 1820, the said Nelson, having in the mean time absconded, and become bankrupt in the state of New-York, the said Hall went to him, with a copy of the said account, which he had procured from the orator, and procured the said Nelson's written receipt and discharge thereon, in full thereof; with intent to defraud the orator. And that, with like intent, and in consideration of said discharge, he the said Hall executed a promissory note to one *James Willson,* for three stoves and two potash kettles, valued at $230,00, although the said James was wholly unknown to, and had never been seen by the said Hall, or the orator.

That, by means of the said fraudulent discharge, so procured, the said Hall was enabled to defeat the orator in his said action, and recovered a judgment against the said orator, and William Nelson, for $33,55 damages and his costs, whereof he had taken out execution, and threatened to levy it upon the orator.

The bill then proceeded to state, that the said William Nelson, in violation of his said assignment and contract, had collected and received more than his proportion of said partnership demands, exclusive of said demand against the said Hall, &c.

Prayer, that the defendant might be compelled to account and pay the balance due the orator upon such accounting, to-

*Rutland,*
*January,*
*1826.*

*Dana*
*vs:*
*Nelson, et. al.*

gether with the costs of the orator in the suit aforesaid----that the said Hall might be perpetually enjoined from pursuing his said judgment, and that the said receipt or discharge be decreed to be void; and for general relief.

The said Nelson not having entered an appearance, the bill was taken as confessed, as against him.

The other defendant, Hall, demurred to so much of the bill as sought to set aside or impeach, or have any relief against the said judgment, or to enjoin the same, and to the residue thereof he made answer. At the last term of this Court, the cause was argued upon the demurrer, by the agreement of the parties, without reference to the effect of the answer, (if any,) and the demurrer was overruled by the Court.

And now, at this term, the cause standing for trial upon the bill, answer and proofs, it became a question whether the principles and merits of the bill were still open for discussion, or whether they were finally decided upon the demurrer. The Court were divided; two of the chancellors, (one of whom was the chief justice,) holding that the judgment upon the demurrer was conclusive upon the principles of the bill, but the other two chancellors being of opinion, that the decision upon the demurrer only drove back the party to his answer, and that the merits of the bill, as well as the facts in the case, were open for discussion.

*Phelps,* solicitor for Hall, thereupon expressed a desire that the Court would suggest, whether he might not now move the Court to waive the judgment upon the demurrer; saying that the solicitors for the defendant had been deceived as to the effect of that judgment, they having presumed that the Court intended only to decide, that the demurrer was overruled by the answer.

*Prentiss,* chancellor. I have considered that the overruling the demurrer is a mere interlocutory order, not at all affecting the merits of the bill; and as the party seems to have mistaken the effect of the interlocutory order, I think the case ought to be set right.

*Skinner,* chancellor. This is a question of practice: and the simple question is, whether we shall now sit here, and hear and determine *over again,* the very question which has been once heard and decided. I do not understand the practice to have been such. It is now in order for the party to proceed upon the answer, with a view to a final decree.

And the parties proceeded accordingly.

On putting in the proofs, *Williams,* for the defendant, offered a *letter* in evidence. *Bates,* for the orator, objected that it had not been proved. *Williams* offered to prove it on the trial. The *Court* said that such had been the practice, and they could not now change it. *Bates,* therefore, withdrew his objection, and the letter was read.

The facts admitted and denied in the answer of Hall, as well as those substantiated by the proofs, and the grounds taken by

the counsel in the cause, will sufficiently appear in the opinion and decree of the Court, which, on a subsequent day of the term, were pronounced by

Rutland,
January,
1826.

Dana
vs.
Nelson, et al.

HUTCHINSON, chancellor. There appears but little, if any, controversy, about any of the facts in this case, except in relation to the question, whether the defendant, Hall, was sufficiently notified, that the orator was equitably the sole owner of the demand, Stephen W. Dana and William Nelson, against said Hall, before he, the said Hall, procured a discharge of the same from said William Nelson. The defendant, Hall, in his answer, denies any such notice ; but he admits his indebtedness to Dana and Nelson, on book account, for trimmings for stoves, &c. to the amount claimed by the orator, only contends it was not to have been paid in money. He also admits the existence of the suit Dana and Nelson against him, and that he procured the discharge of said demand from said William Nelson, on the 29th of July, 1820, and in procuring it gave notes for $273, payable in potash kettles, and stoves, and furnace ware, to one *James Nelson*, who was not present, but to whom *William Nelson* said he was indebted, and delivered said notes to said *William Nelson ;* and used said discharge to defeat said action, in the manner set forth in the orator's bill.

The testimony of the orator, upon the question of notice, is this. *J. S. Harris* testifies, that when the writ of Dana and Nelson against Hall was served, he, the witness, told Hall that Dana, the orator, told witness, that the account on which the action was brought, was the property of said Dana. This was many months before the discharge was procured. *Francis W. Dana* says, in the latter part of May, or fore part of June, 1819, Hall, the defendant, was at the orator's store, settling an account that accrued during a former partnership, between the same parties, and the orator requested Hall to settle the account that accrued during the last partnership, being the account in question. Hall declined until he could settle his own account against said firm. Said Nelson then remarked, that said Dana and Hall might settle those accounts among themselves, or words to that effect, as they did not concern him. And further, that, when said Dana first requested said Hall to settle said accounts, he informed him that said account was the property of him the said Dana. *Erastus H. Johnson* testifies, that in June, 1819, the orator requested Hall to give his note for the account in question, and give it directly to the orator. Said Hall declined ; giving as a reason, that he had not his account present ; but added, that he would settle with said Dana, and give his note for the balance, whenever said Dana should be at Clarendon. Said Nelson then, in the presence and hearing of Hall, said that said Dana and Hall could settle said account as they pleased, as he, the said Nelson, had nothing to do with it ; adding, that it was the property of said Dana.

Rutland,
January,
1826.

Dana
vs.
Nelson, et al.

The defendant contends that the witnesses, *Johnson* and *F. W. Dana,* stand impeached by papers, 1, 2, 3, 4. The Court do not consider them so far impeached, but that their testimony, and that of *Harris* sufficiently establish the fact of notice, the denial of the answer notwithstanding. Indeed, the facts that Nelson had retired, and ceased to concern himself about the partnership matters, and Dana, in fact, had the care of those matters, collecting the debts due to the company, and paying those due from the company, furnished very strong grounds to believe, that Dana was at least the principal owner of the outstanding claims. This presumption, which now stands without contradiction, comes in aid of the other testimony, in proving notice.

But the defendant opposes the relief prayed for in the bill, on the ground that the judgment at law is conclusive, as well in equity as at law. Several authorities are cited in support of this position, and they fully establish it in technical form. That is, they show that the court of chancery will not reverse the judgment of a court of law, nor decide over again the very point decided by the court of law. But these authorities do not deny to the court of chancery the power, which is in daily exercise, of hearing the same subject of controversy upon grounds not litigated in the court of law, and which could not have been there litigated, either for want of legal testimony, now supplied by the oath of the party, or because it was a subject of equity jurisdiction, and not admissible at law, or perhaps, other causes; and in the end, lay an injunction upon the party, against taking the benefit of his judgment.

The defendant, however, contends, that this same point was litigated in the action at law; and, if the objection to the discharge were substantiated there, it was fatal; and if the Court's decision was wrong, the remedy was by writ of error. Some delicacy attends this point; especially as this Court, on the present circuit have virtually decided, that the objection now urged to this discharge, might, if substantiated, avail at law.

But it is well understood, that a different course of decisions prevailed at the time when the action at law was tried, and when this bill was brought. Then, the orator was literally without remedy at law, and the point now litigated was considered wholly a subject of equity jurisdiction. The orator was then driven from the court of law, not because he was without equity, but because he must seek redress in a court of equity. He has sought redress before this Court, in the character of a court of equity, and he must deem it a poor satisfaction, should we tell him to repair again to the court of law; especially at this day, when the statute of limitations would exclude him from that court also. When the bill was brought, it was exclusively the subject matter of equity jurisdiction: and, as is well observed by the counsel for the orator, the Court, once having jurisdiction, have it to the end of the suit.

Rutland,
January,
1826.

Dana
vs.
Nelson, et al.

Another objection to the relief prayed for, is the want of proper parties. It is urged that James Nelson, to whom Hall discloses that his notes were made payable, when he procured the discharge, should be a party to the bill, that the Court, by their decree, might do justice between all parties.

It is not necessary now to decide whether the orator could hold James Nelson as a party to the bill, if he sought so to do, for the purpose of better security for the fulfilment of his decree; for the defendant wants J. Nelson, a co-defendant, to help him perform. If it be true, that the defendant has conducted fraudulently, in procuring the discharge, as the orator contends, the orator is not obliged to notice whether it cost the defendant little or much, whether he paid money or gave notes, to procure the discharge. On that subject, Hall must pursue his remedy upon William or James Nelson, or both, in his own way.

Were the litigation about real estate, and the relief sought were a reconveyance of such estate, the Court would not make such a decree till all in whom the title was, should be made parties. But the relief sought in this case, does not at all require James Nelson, to be made a party.

A further, and most conclusive answer to the objection, is, that nothing appears against James Nelson; nothing in the evidence, nor even in the answer. It does not appear, nor is it asserted, that James Nelson ever knew of the existence of these notes, or of this discharge: and, without such proof, he could not be holden as defendant, if the orator should make the attempt.

The decree in this case must be drawn up in form. The substance of it is,

That the defendant's account of $33,55 be deducted from the sum claimed in the bill, which is $253,63; which leaves a balance of $220,08; and that the defendant, on or before the fourth Monday of March next, pay the last said sum, with interest on the same, from the time the orator made demand of payment, to the clerk of this Court, for the benefit of the orator: also, that there be added thereto, what would have been the taxable costs, on the part of the plaintiffs, in the suit at law, if the plaintiffs had recovered: and that said Hall be perpetually enjoined from ever pursuing said judgment, or any execution thereon, for the collection of the amount by him recovered.

*Chauncey Langdon* and *R. B. Bates*, solicitors for the orator.

*D. Chipman*, *William Page*, *C. K. Williams*, and *S. S. Phelps*, for the defendant, Hall.

33

*See Vol. 2. p. 381. Hall v Nelson is Dana bill of review.*