WILLIAM B. STANDISH *v.* SOLON NEWTON.

October Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed November 5, 1930.

*Loren R. Pierce* and *Howard E. Armstrong* for the defendant.

*Raymond Trainor* and *Paul Gilioli* for the plaintiff.

POWERS, C. J. This is a tort action for assault and battery, to which reply is made by the general issue and a plea of self-defense. A jury trial resulted in a verdict for the plaintiff. The defendant excepted.

■ Doctor Boardman, an expert, was allowed to "read" an X-ray picture of the plaintiff's skull to the jury; that is to say, he was allowed to. explain to the jury what the X-ray showed. To this the defendant excepted. There was no error in the ruling. The witness was using the picture for demonstrating purposes, and "could rightly point out the things which his practiced eye discovered, so far as they were of significance." *Sheldon* v. *Wright,* 80 Vt. 298, 309, 67 Atl. 807, 811. The claim that the jurors could see for themselves what the X-ray showed is not warranted. The ordinary juror might utterly fail to appreciate the significance of the things appearing on. the photograph unless he had the assistance of one trained in such matters. It is not until an X-ray is read by an expert that its full significance can be appreciated and understood. In this respect, it is like a finger-print photograph, which would mean little to a jury until an expert read it. See *State* v. *Lapan,* 101 Vt. 124, 133, 141 Atl. 686.

■ ■ During the cross-examination of Doctor Boardman, he was asked what effect the subsequent use of alcoholic liquor would have on a person injured as the plaintiff was. Upon objection, this was excluded as not proper cross-examination, and the defendant excepted. There was then no evidence in the case that the plaintiff had used liquor since his injury, and as the case stood the inquiry was not within the scope of proper cross-examination. That such evidence came into the case later on did not affect the quality of the ruling. *State* v. *Lapan,* 101 Vt. 124, 132, 141 Atl. 686.

■ Subject to the defendant's objection and exception, the plaintiff was allowed to estimate the amount of his receipts and expenses prior to the time the defendant assaulted him, and to compare them with corresponding items since the assault. The objection to this testimony was that the best evidence would

be his books showing the accounts. But the admissibility of the testimony was justified by *Capital Garage Co.* v. *Powell,* 99 Vt. 12, 16, 130 Atl. 754.

There was no error in excluding the defendant's offer to show that after the trouble was over he went to the police office and applied for protection. It appears that it was "soon after" the trouble at the stable-yard, but how soon after does not. It was not a part of the *res gestae,* nor was it so claimed below. It was offered as tending to show the fear that the defendant had of the plaintiff. But it occurred after he had laid his adversary out "cold," as an eye-witness put it, and left him unconscious on the ground. It had no tendency to prove the extent of this fear when he hit him with the shovel.

Remembering that it is only the knowledge which the defendant had at the time of the assault regarding the belligerent character of the plaintiff that counts in his justification, *State* v. *Meader,* 47 Vt. 78, 81, and that it was for the defendant to show here that the offered evidence was admissible in the then present aspect of the case, *Foote* v. *Woodworth,* 66 Vt. 216, 221, 28 Atl. 1034; *State* v. *Lapan,* 101 Vt. 124. 132, 141 Atl. 686, it is quite apparent that there was no error in excluding the defendant's offer to show that, as a result of an assault made by the plaintiff upon him a short time before the one on which the suit was based, he passed blood from the bowels. It lacked the essential element that the defendant discovered this condition prior to the time he struck the plaintiff with the shovel. His then existent state of mind could not have been affected by what he discovered later.

The verdict was for $4,000, in which sum, as the record indicates, was included no exemplary damages. The defendant seasonably moved to set aside the verdict as being excessive and on other grounds. The motion was overruled, and the defendant excepted. This motion on all its grounds being addressed to the sound, judicial discretion of the trial court, our consideration of the questions raised by this exception is limited to the inquiry whether that discretion was abused. *Dyer* v. *Lalor,* 94 Vt. 103, 114, 109 Atl. 30; *Platt's Admx.* v. *Shields et al.,* 96 Vt. 257, 270, 119 Atl. 520.

The very fact that the trial court has by its ruling on the motion approved the verdict strongly inclines this Court

against interfering with it. The verdict seems large, but the plaintiff's evidence, sustained by one or more eye-witnesses, shows a brutal assault which involved the infliction of two or three blows on the head with a long-handled shovel, and which resulted in a fracture of the skull and injuries impairing the plaintiff's capacity to work about and carry on his business. On the record, into which it is unnecessary to go with further particularity, we cannot say that the case made is so exceptional that we can say that the trial court abused its discretion in over-ruling the defendant's motion.

*Judgment affirmed.*