## In Re Estate of Harry H. Hildreth, Deceased.

October Term, 1942.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed November 4, 1942.

*George L. Hunt* for the petitioner.

*Herbert G. Barber* and *Elliott Barber* for the petitionee.

STURTEVANT, J. The petitioner, Helen H. Smith, brings this case here on exceptions saved to a *pro forma* ruling of the probate court for the District of Marlboro.

The record shows the following facts material to the questions presented.

Harry H. Hildreth died intestate August 2, 1940. The petitioner is his only daughter and as such is his heir. On December 6, 1940, on application of Holland J. Wilson, one Solon A. Richmond was appointed administrator and eleven days later Carl J. Strand and Harold Muzzy were appointed commissioners of claims on the decedent's estate. Holland J. Wilson and his wife, Lelia, each presented claims against the estate in the sums of $3,000 and $10,-000 respectively. These were allowed $2,000 to the former and $3,000 to the latter as appears by the commissioners' report returned to and accepted by the probate court August 15, 1941.

The petitioner did not have actual knowledge of the presenting or allowance of the Wilson claims until about September 15, 1941, which was after the time for taking an appeal therefrom had expired.

It is alleged in the petition that Muzzy was incompetent and not qualified to sit as a commissioner to determine the merits of the Wilson claims and among the reasons stated therefor are the following. Muzzy appeared and testified as a witness before the commission of which he was a member and he gave no consideration to the question as to the decedent's liability on the claims because he understood that his only duty was to determine the amount of damages sustained by the claimants as contended by them.

The petitioner prays that for the reasons alleged in the petition the probate court find:

> 1. That the report of the commissioners allowing the claims is in error.
>
> 2. That Muzzy be removed as a commissioner on the estate and that the court appoint another or others in his place.
>
> 3. That the probate court order the report of the commissioners allowing these claims recommitted to commissioners for further hearing.

The petition was served on the administrator and on the claimants on January 30, 1942. At that time the estate had not been fully settled.

The petitionees filed their answers to this petition and the claimant Holland J. Wilson incorporated in his answer a copy of a bill in chancery which he instituted after the petition had been served on him. That bill was brought against Solon Richmond, Helen H. Smith and the Merchants Mutual Insurance Company, a foreign corporation maintaining an office at Brattleboro and licensed to do business in this state.

Wilson alleges in his bill that the judgment based upon his wife's claim has been assigned to him. Each of the claims is predicated upon the alleged negligence of Harry H. Hildreth in the operation of an automobile formerly owned and operated by him. The bill also states that the liability of the estate on these claims is covered by an insurance policy issued by the Merchants Mutual Insurance Company and that there are no assets in the estate.

The probate court, without a hearing on the merits, made a *pro forma* order dismissing the petition. The question before us is presented by the petitioner's exception to that action of the probate court.

■ The power of the probate court, on direct application for that purpose, for cause shown, before the final settlement of an estate, to revise, vacate and alter its decrees, where no intervening rights have ensued, is well settled. This follows from its plenary jurisdiction of the subject matters committed to it. *In re Hayes' Estate,* 90 Vt 286, 289, 98 A 45, and cas. cit.

■ However, such jurisdiction, in the absence of special statutory authority, does not empower that court to recommit a claim to commissioners for further consideration when the life of the commission has expired and all power to extend it has gone. *In re Hayes' Estate,* 90 Vt at 289, 98 A 45, and cas. cit.

In the opinion in the Hayes estate case this Court stated at page 289:

> "We mention that No. 96 of the Acts of 1915, the most recent enactment of probate law, provides for a recommittal to commissioners, at any time before the settlement of an estate, for the correction of clerical errors. But we are not dealing with clerical errors, and if this statute had been in effect at all times ma-

terial in this case, the disposition thereof would be unaffected."

That opinion was handed down at the January term, 1916. In the 1917 revision of laws, No. 96 of the Acts of 1915 was amended into its present form by omitting the word "clerical" before the word "errors". That act as amended is now P. L. 2843 and so far as here material is as follows:

"The probate court may order the report of commissioners recommitted for hearing at any time before final distribution and settlement of a deceased person's estate, when it appears by petition in writing, verified by oath, of a party in interest that an error has been made in such report."

By this amendment the legislature provided for a rehearing of a claim previously allowed by commissioners. *In the Matter of the Estate of Delligan,* 110 Vt 294, 305, 6 A2d 1.

Every man is entitled by law, not only to a fair trial of his case, but to one as free as may be from suspicion of partiality or undue influence. *Cady, Admr.* v. *Lang,* 95 Vt 287, 294, 115 A 140; *State* v. *Bissell,* 106 Vt 80, 95, 170 A 102.

A person can not be a witness and a judge in the same cause. *State v. Bissell,* 106 Vt 80, 95, 170 A 102, and cas. cit.

From the foregoing it follows that under the allegations made in the petition Muzzy was not qualified to act as commissioner on the claims and that there has not been a fair and impartial hearing on them before a qualified tribunal as required by law. Therefore the report of the commissioners accepted by the probate court contains error within the meaning of P. L. 2843 if the allegations of the petition are made out.

However, the petitionees contend that the *pro forma* ruling of the probate court was correct for the following reasons:

"I. On the record before the probate court, since the estate had no assets, the petitioner, Helen H. Smith, as an heir, had no interest under P. L. 2843 to maintain the petition.

"II. The ruling was a proper exercise of the probate court's discretion and for the purpose of allowing an appeal to the county court.

"III. The dismissal was proper as a matter of law.

"IV. The chancery proceedings will determine the whole controversy."

We consider these questions in the order stated.

■ I. Under our practice all estates are settled as insolvent estates. *Probate Court, etc.* v. *Indemnity Insurance Company of North America,* 106 Vt 207, 211, 171 A 336. It follows that, to bring herself within the provisions of P. L. 2843 as a "party in interest", the petitioner was not required to show that the estate was solvent or had assets.

■ II. As to this question it is sufficient to note that the *pro forma* ruling was made without a hearing on the merits. Therefore in making it the court could not have exercised its discretion. Such a ruling can not be regarded as an exercise of discretion. *International Paper Company et al.* v. *Bellows Falls Canal Company,* 88 Vt 93 at 101 and 102, 90 A 943.

III. We have seen that under the allegations of the petition there has been no hearing on these claims before an impartial and qualified tribunal as required by law. It also appears that the probate court has authority to recommit them for further hearing. From these facts it follows that this third contention is without merit.

■ IV. As to this question it appears that the petition was pending before the probate court when the bill in chancery was brought. It has long been the law of this state that concerning the settlement of estates of deceased persons, the jurisdiction of the court of chancery is not original nor concurrent with that of the probate court, but is special and limited and only in aid of the probate court when its powers are inadequate. Further than that the court of chancery has nothing to do with the settlement of estates. *Blair, Admr.* v. *Heirs, etc. of Johnson,* 64 Vt 598, 600, 24 A 764; *The Domestic etc. Missionary Society et al.* v. *Eells et al.,* 68 Vt 497, 508, 35 A 463, 54 Am St Rep 888; *Mathews* v. *Drew et al.,* 106 Vt 245, 247, 172 A 638; *In Matter of the Estate of Delligan,* 110 Vt 294, 306, 6 A2d 1. This fourth contention is not sustained.

■ The petitionees contend that, since there is no specific prayer in the petition asking to have the order of the probate court

accepting the report of the commissioners allowing the claims vacated, the court was without authority to grant the relief prayed for. But the prayer in the petition is in accordance with the provisions of P. L. 2843. That statute does not require that the petition contain a specific prayer to vacate the order here in question. When a report of commissioners allowing or disallowing a claim presented against an estate is returned to and accepted by the probate court such report becomes a judgment for or against the creditor. *Thorp* v. *Thorp's Estate,* 75 Vt 34, 52 A 1051. But when a report is recommitted under the provisions of P. L. 2843 it is no longer a report accepted by the probate court nor one setting forth the final decision of the commissioners as to the merits of the claim presented. The court's order accepting a report and its order recommitting it are so inconsistent that both can not be in force at the same time. It follows that, while a report of commissioners when accepted by the probate court becomes a judgment, yet, when such report is recommitted for further hearing in accordance with the provisions of P. L. 2843, such judgment is necessarily vacated by such recommittal order.

As to the petitioner's prayer that one of the commissioners be removed and another appointed in his place, P. L. 2837 so far as here material is as follows:

". . . , if a commissioner, by reason of interest, relationship or otherwise, is adjudged by the court to be an improper person to act as such commissioner, the court may remove him and appoint another in his place; . . ."

That this statute gives the probate court power to grant the relief prayed for in this respect is too plain to need further comment.

The probate court had the discretionary power to grant or refuse the relief prayed for according to its findings as to the allegations of the petition. But it did not exercise that power in making the *pro forma* order. Its failure to do so was error.

*Judgment reversed and cause remanded. To be certified to the probate court.*