LOUIS RICCI *v.* PERRY E. BOVE'S ADMR.

(78 A2d 13)

Special Term at Rutland, November, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and BLACKMER, JJ., and HULBURD, Supr. J.

Opinion Filed January 2, 1951.

*Bloomer & Bloomer* for the appellant.

*Vernon J. Loveland* and *Hanford G. Davis* for the appellee.

JEFFORDS, J. Philip Billings, former executor of the estate of Perry Bove, filed a petition in the Probate Court for the District of Rutland for the recommittal of the commissioners' report in that estate. Louis Ricci, as a party interested in the estate, filed a petition moving for the disqualification of George F. Jones, the judge of that probate district to determine the issues raised by the petition of Billings. The grounds for disqualification as set forth are substantially as follows: 1. That Billings was a student and employee in the office of Jones & Jones and that the judge was a member of that firm. 2. That the will of Perry Bove was drawn in that office and a fee received for the service rendered. 3. That in the will Billings was named its executor. 4. That a deed which has caused much litigation and controversy in the estate was drawn by Judge Jones and he was paid for his services in the matter. 5. That the judge, as attorney, formed the Colonial Beverage Company and was an officer, director, and stockholder of the company; that this company has become an important issue in the estate. 6. "The said George F. Jones has already demonstrated his interest, favor and bias as against the interests of the said Louis Ricci." 7. That the judge arbitrarily required Ricci to post a $10,000 bond before taking an

appeal from a prior decision made in connection with this estate, (See *Ricci* v. *Bove's Estate,* 116 Vt 335, 75 A2d 682).

At the opening of the hearing on the petition for recommittal, the following took place as shown by the recitals in the bill of exceptions which was signed by Judge Jones: The petition for disqualification was read and Judge Jones requested the attorney for Ricci to submit evidence upon the question. It was then stated that the first witness would be George Jones whereupon the latter raised his right hand. To this procedure Ricci objected and excepted on the ground, in substance, that a witness cannot administer the oath to himself. The attorney for Ricci requested some proper person to be present to preside under the circumstances. Judge Jones then stated that he was the judge and must rule upon his disqualification and, as no evidence had been submitted, the petition would be denied and was denied and the hearing would proceed. The attorney for Ricci then stated that he was not given an opportunity to have one of the persons designated in the statute swear the witness and hear the evidence. The hearing proceeded forthwith notwithstanding the objection of Ricci through his attorney and the report of the commissioners was ordered to be recommitted.

Ricci took exceptions to the decisions, orders, and decrees, the denial of his motion and to the manner and method of procedure as described in the bill of exceptions. The exceptions were allowed and the cause was passed to this Court for a determination of the questions raised by the exceptions.

We have two disqualification statutes which are here pertinent. V. S. 47, § 1269 sets forth grounds which apply generally to judges and other named persons. These grounds, as far as here material, are that a judge shall not act in a judicial capacity in or as trier of a cause or matter in which he has been retained or acted as an attorney or counsel, or is interested in the event of such cause or matter. V. S. 47, § 2803 applies only to probate judges. Its ground for disqualification, here material, is the interest of the judge as a creditor or otherwise in a question to be decided by the court. In the event of such interest it is provided that he shall not act as judge and his duties shall be performed by the register, if not disqualified, or a judge of another district or an assistant judge of the county court of the county in which such district is situated.

The first question for us to determine is the authority of a probate judge to pass, in the first instance, on the question of his

disqualification to act as judge in a matter pending in his court. The answer to this question is to be found largely, if not wholly, in the wording of V. S. 47 § 2803. A probate court is a court of limited and special jurisdiction, having only the authority prescribed by statute. *Abbott* v. *Abbott,* 112 Vt 449, 451, 28 A2d 375; *In re Manley's Estate,* 112 Vt 314, 320, 24 A2d 357. A reading of V. S. 47 § 2803 shows that until the judge is disqualified he is the sole person to act as judge in any matter pending in his court. Until there has been a disqualification none of the persons named in the statute to perform the duties of the judge in the event of his disqualification would have authority to perform such duties. Any order or decree made by one of them, lacking a prior disqualification of the judge, would be *coram non judice* and void. *Barber* v. *Chase,* 101 Vt 343, 351, 354, 143 A 302. It follows, that under the circumstances here appearing, Judge Jones was the only person who had the authority to pass on the question of his disqualification and it was his duty to hear and determine it. The result we have reached is in accord with the general rule at common law as laid down in the decisions of our sister states which is stated in 23 Cyc. at page 596 to be that when a judge sits alone he must determine the question of his disqualification. For illustrative cases see *Moses* v. *Julian,* 45 NH 52, 84 Am Dec 114; *Ferguson* v. *Chapman,* Tex Civ App, 94 SW2d 593; *Slaven* v. *Wheeler,* 58 Tex 23; *In re Crawford's Estate,* 307 Pa 102, 160 A 585; *Villego* v. *Superior Ct.,* 199 Cal 408, 249 P 1084, 48 ALR 610; *Ex parte Dew,* 7 Ala App 437, 62 S 261; *State* v. *De Maio,* 70 NJL 220, 58 A 173.

V. S. 47, § 1269 has no bearing on the above question as it merely sets forth certain grounds which conclusively disqualify a judge from acting in his judicial capacity in a case.

It should be understood that while a probate judge has the authority to pass on the question of his disqualification in the first instance, his decision is not final as there is the right of appeal from it to the county court or, if only a question of law is involved, an appeal may be taken directly to this Court, under the Statutes providing for such appeals.

From the record it appears that Ricci was not afforded a reasonable opportunity to offer testimony in support of his petition. Thus he was denied a full, fair and impartial hearing in the matter, to which he was entitled, and all further proceedings taken by the court were erroneous. *Narragansett Racing Ass'n* v. *Kiernan,* 51

RI 90, 194 A 692; *Gaskins* v. *Gaskins,* 181 Ga 124, 181 SE 850; *Moore* v. *State,* 118 Ohio St 487, 161 NE 532. For this error there must be a reversal and remand unless one or more of the reasons advanced for the affirmance of the order denying the petition to disqualify are found to be sound.

The appellant makes much in his brief of the claim that Judge Jones when he raised his hand was preparing to administer the oath to himself. In view of our previous holding this claim is of no consequence. However, in fairness to the judge we believe we should state that it does not appear to us that he was intending to do what is claimed in this respect. In the original bill of exceptions, after the statement that the judge raised his right hand, there was inserted a clause reading, "as if in the act of swearing himself as such witness." This clause was stricken out, presumably by the judge when he signed the bill. Thus it is indicated that he did not intend to administer the oath to himself, an act which of course would be indefensible.

Several reasons are advanced for affirming the order denying the petition to disqualify which merit discussion. One reason is that no sufficient grounds for disqualification are alleged. All of the alleged grounds except number 6 are analyzed and reasons given why, even if true, they, singularly or as a whole, fail to state any cause for disqualification. The sixth ground is attacked because no facts are therein set forth but merely a conclusion. The authorities cited in support of this latter claim have to do largely, if not wholly, with the sufficiency of affidavits required by statute as a basis for the claim of disqualification. It is shown that there is a conflict of authority as to such sufficiency due to the various statutory or constitutional provisions relating to such affidavits. We have no such provisions. The allegation in question was not a mere conclusion of law, nor of the pleader, but of the ultimate facts to be established and thus was properly pleaded. *In re Corey's Estate,* 113 Vt 449, 452, 35 A2d 377, and authorities cited. Moreover, the technical rules of pleading are greatly relaxed in probate matters. *In re Estate of Prouty,* 105 Vt 66, 71, 163 A 536.

It is admitted that if such interest, favor and bias as is alleged be shown to exist to such an extent that an impartial hearing cannot be had, the judge should be disqualified. This is so held in *Leonard* v. *Willcox,* 101 Vt 195 at page 214, 142 A 762, 770. This is our leading case on the subject matter of disqualification and is referred

to for a very complete discussion of that matter. It is sufficient here to say that in addition to the above holding it is held that causes for disqualification exist outside those enumerated by statute. The opinion also demonstrates very clearly and fully that under §.28 of our constitution every person is entitled by law not only to a fair trial of his case, but to one free as may be from suspicion of partiality.

If we were to pass on the question of whether the allegations, except number 6, state, if true, any grounds for disqualification we would be, in effect, judging the case piecemeal which we will not do. *Beam* v. *Fish,* 105 Vt 96, 99, 163 A 591. If, as and when a complete record of a hearing after remand is presented to us on appeal we will give each material question our attention and decision.

It is claimed that the appellant has waived any objections he may have to the qualification of Judge Jones. The record in the case which is referred to in the bill of exceptions shows that the judge set forth in writing the reasons for denying the petition for disqualification. An answer tending to show lack of disqualification is given to each of the allegations. Number 6 is flatly denied. No claim is made that these answers have any bearing here nor could they have, as they are not facts founded on testimony under oath. *Slaven* v. *Wheeler, supra.*

Another ground relied upon by the judge was the fact that several hearings extending over a period of about six years have been held in the Perry Bove estate and at no time at any of these hearings, or otherwise, was the question of disqualification raised. The statement in *Leonard* v. *Willcox, supra,* at page 202 that the objection (to the judge) must be made promptly after it becomes known to the objector, or it is waived, is relied upon in support of the claim of waiver. The hearing on the recommittal of the commission was apparently only one in a series of hearings on various matters in the Bove estate. We cannot say, as a matter of law, on the record before us, at what time the appellant was convinced in his mind that the judge was prejudiced against the interests of the appellant and should then have made known his objection to the qualification of the judge. It does seem, as claimed, that many, if not all, of the facts specifically alleged as grounds for disqualification were known to the appellant for some time prior to the hearing in question. But it may well be that even with knowledge of these alleged facts it was

only after a cumulation of events occurring in the previous hearings that he felt in his mind that the judge was prejudiced.

It is also urged that the appeal should be dismissed because there is no proper record of the proceedings appealed from. Although the record is somewhat meagre, it is sufficient to enable us to determine with reasonable certainty the events which took place at the hearing and which form the basis for the claims of error.

 Judge Jones did not testify at the hearing but it seems likely that if one is held after remand he will be called as a material witness. If this be so, and he were to continue to preside, he would be occupying the dual position of judge and witness. We have held that a person cannot be a witness and a judge in the same cause. *In re Hildreth Estate,* 113 Vt 26, 29, 28 A2d 633; *State* v. *Bissell,* 106 Vt 80, 95, 170 A 102. In the latter case one of the assistant judges of the county court was sworn as a witness but he did not testify. He thereafter acted as a member of the court throughout the trial. It is stated in the opinion in that case that if the judge had testified it would have been his duty to leave the bench and to take no further judicial part in the trial. In that event the trial could proceed under the direction of the presiding judge and the other assistant judge. Such is not the case here. Stated in a different way, the rule is that a single judge before whom a case or matter is being tried is not a competent material witness therein. *State ex rel Short* v. *Owens,* 125 Okla 66, 256 P 704, 52 ALR 1270; *Estes* v. *Bridgforth,* 114 Ala 221, 21 S 512; 48 CJS 1068; 70 CJ 180.

 It is clear from what we have just stated that Judge Jones could not properly be both the judge and a material witness in the pending matter. This being so, if he be again called as a witness, which as we have stated seems likely, a course for him to follow, under all the circumstances here appearing, is to refuse to testify and proceed to conduct the hearing and decide the question on the testimony of such witness or witnesses as do testify, it appearing from the recitals in the bill of exceptions that the attorney for the appellant intended to call one or more witnesses other than Judge Jones. This procedure will not result in any real harm to the appellant as he has the right on appeal, if the decision be adverse to him, to have the matter tried de novo in the county court. A judge will not be deprived of his jurisdiction merely because he is a material witness, when his failure to testify will not involve a complete denial of justice. 48 CJS 1068.

We have held that Judge Jones was the proper person to pass on the question of his disqualification to determine the issues raised in the petition for recommittal and we have not decided one way or the other whether he is disqualified to act on that petition. However, from the record and briefs in this case and in that of *Ricci* v. *Bove's Estate*, 116 Vt 335, 75 A2d 682, it is apparent that friction of a personal nature has developed between the attorney for Ricci and Judge Jones in matters pertaining to this estate. This being so, it seems advisable to state that it would appear to be in the interest of the orderly administration of justice and of all parties concerned if Judge Jones would disqualify himself from hearing the petition for recommittal and all other controverted matters in the Perry Bove estate. We have had occasion before, for different reasons, to offer this advice. The case of *In re Estate of Prouty*, 105 Vt 66, 163 A 566, involved the question of disqualification of a probate judge to pass on a certain petition. It was stated in that case, at page 73, and the statement was repeated in the same case in 107 Vt 504 at page 510 "That though Judge Smith may have been disinterested in a legal sense, and was not incapacitated within the meaning of P. L. 2734 (now V. S. 47 § 2803), a petition of this kind presents delicate questions of fact which, in fairness, ought to be passed upon by a third party." See also *Batchelder* v. *Nourse*, 35 Vt 642, 643.

*The judgment order denying the petition for disqualification is reversed. The judgment ordering the recommittal of the commissioners is reversed. The cause is remanded. To be certified to the probate court.*