## State of Vermont v. Wayne Lacaillade

[303 A.2d 131]

No. 153-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 3, 1973

*Patrick J. Leahy*, State's Attorney, and *Paul D. Jarvis*, Deputy State's Attorney, for the State.

*Thomas J. Kenney, Esq.*, Burlington, for Defendant.

**Daley, J.** On September 10, 1971, the defendant was convicted of operating a vehicle under the influence of intoxicating liquor, a violation of 23 V.S.A. § 1201, following a trial

by jury in the District Court of Vermont, Unit No. 2, Chittenden Circuit. From the judgment of guilty entered on the verdict, the defendant appeals to this Court.

The record of this case reveals the following facts. On August 19, 1971, the automobile, in which the defendant was an occupant, was involved in a one-car accident on Oakhill Road in Williston, Vermont. Trooper Sinclair of the Vermont State Police arrived at the scene of the accident shortly thereafter and inquired of the defendant as to what happened. The defendant then volunteered that he had picked up a hitchhiker about a mile from the accident and allowed him to operate his car which was involved in the accident. He further stated that he allowed the hitchhiker to operate his car because he had, in his opinion, been drinking to excess.

Trooper Sinclair then escorted the defendant to the state police cruiser, at which time he noticed that the defendant had an odor of intoxicating beverages on his breath, spoke in a slurred or blurry pattern, and walked in a swaying manner. When the defendant was seated in the cruiser, Trooper Sinclair gave the defendant the required *Miranda* warnings and began questioning him as to the identity of the hitchhiker. Although the defendant could not give a good description of the hitchhiker, he reiterated that he allowed the hitchhiker to drive his automobile because he had had too much to drink. Before ending the conversation, the defendant requested that Trooper Sinclair place a telephone call to him on the next day.

On the next day, the 20th of August, Trooper Sinclair looked up the name of the defendant in the telephone book under the residence given by the defendant. Trooper Sinclair then placed the call and, upon receiving an answer, asked with whom he was speaking. The voice at the other end of the line stated the name of the defendant. Trooper Sinclair also testified that from listening to the defendant's voice in conversation on the preceding day, he recognized the voice on the line to be that of the defendant. During the course of the telephone conversation, Trooper Sinclair discussed with the party on the other end of the line the events of the day before. However, the party speaking to Trooper Sinclair stated that he had been operating the automobile that was involved in the accident on the preceding day.

At the trial, the defendant moved to exclude any evidence relating to the telephone conversation between himself and Trooper Sinclair that took place on August 20. The grounds for this motion were that there was insufficient identification by Trooper Sinclair to whom he was conversing with by telephone, and that Trooper Sinclair did not give the *Miranda* warning to the party to whom he was conversing with by telephone. The lower court held that the telephone conversation was admissible, and as such was introduced at the trial. The defendant, in his appeal, maintains such introduction was error.

It has long been the law in this jurisdiction that in order to allow the introduction of a written communication in the form of a letter into evidence, the identity of the author of that letter must be established. See *Johnson* v. *Bolton,* 43 Vt. 303, 305 (1871); *Dana* v. *Nelson,* 1 Aik. 252, 254 (Vt. 1826). The same holds true for oral communications in the form of telephone conversations. Judge Learned Hand, writing for the court in *Van Riper* v. *United States,* 13 F.2d 961, 968 (2d Cir. 1926), *cert. denied sub nom. Ackerson* v. *United States,* 273 U.S. 702 (1926), in observing a strikingly similar fact situation as the one in this case, stated:

> ". . . [T]hat when a witness calls up at the proper number in a telephone book the person whose admissions are relevant, and gets an answer from one professing to be the person called, it is *prima facie* proof of identity . . . ."

See also *United States* v. *Benjamin,* 328 F.2d 854, 861, n. 3 (2d Cir. 1964).

Not only did Trooper Sinclair call the number listed as the defendant's and the speaker on the other end of the line identify himself as the defendant, but Trooper Sinclair also testified that he also recognized the defendant's voice and conversed with the defendant concerning the events of the accident of the preceding day that only the defendant would be likely to know. This additional evidence was more than sufficient to establish that the person with whom Trooper Sinclair was conversing with by telephone was the defendant; therefore, no error is shown by the introduction of the tele-

phone communication into evidence. See C. McCormick, Evidence § 226 (2d ed. E. Cleary 1972); 7 J. Wigmore, Evidence § 2155 (3d ed. 1940).

■ As to the argument that the admission of certain statements made by the defendant *via* the telephone conversation was violative of the principles laid down in *Miranda* v. *Arizona*, 384 U.S. 436 (1966), we hold that *Miranda* is not applicable to the situation at hand. At the time the defendant admitted that he was operating the automobile at the time of the accident over the telephone he was not in the custody of the investigating officer nor was he "otherwise deprived of his freedom of action in any significant way." *Miranda* v. *Arizona*, *supra*, 384 U.S. at 444. Without this essential element being present at the time that the defendant volunteered this statement, the strictures of *Miranda* v. *Arizona*, *supra*, do not apply. Moreover, it is undisputed that the defendant had been given the *Miranda* warning at the scene of the accident. The introduction of the defendant's statements made to Trooper Sinclair into evidence did not constitute error. *State* v. *Meunier*, 126 Vt. 176, 224 A.2d 922 (1966).

■ The defendant also complains that he was denied the right to cross-examine Trooper Sinclair as to the identity of the caller because of the sustaining of the objections by the State to certain questions. He further maintains error in that the testimony concerning the telephone conversation amounted to hearsay. However, from an examination of the record, it appears that the most damaging evidence arising out of the telephone conversation was the admission that the defendant was operating the automobile at the time of the accident. Had there been no evidence other than that of the telephone conversation as to the defendant's operation of the automobile at the time of the accident, a close scrutiny of these objections to determine their prejudicial effect as to the defendant would be in order. However, the defendant himself, as a witness for the defense, admitted in open court that he was operating the automobile involved in the accident. His own admission on this crucial element of the offense is sufficient to render any possible prejudice that may have existed up to this point concerning the introduction of the telephone conversation

harmless, and as such the defendant takes nothing on these assignments of error. *State* v. *Morrill*, 127 Vt. 506, 514, 253 A.2d 142 (1969). See also *State* v. *Lapan*, 101 Vt. 124, 132, 141 A. 686 (1928).

The defendant also maintains that to not allow the entire contents of the telephone conversation between Trooper Sinclair and the defendant into evidence and Trooper Sinclair's reference to "Project CRASH", his assignment within the Department of Public Safety, were both prejudicial errors. However, the defendant provides nothing upon which he predicates prejudice as to these allegations of error. The burden of showing prejudicial error has always been upon the party claiming it, and in both instances the defendant has not shown in what way he was prejudiced. Therefore, no error is shown. *State* v. *Morse*, 127 Vt. 137, 141, 241 A.2d 328 (1968); *State* v. *Jackson*, 127 Vt. 237, 246 A.2d 829 (1968).

No prejudicial error having been shown, the entry in this cause is:

*Judgment affirmed.*