## State of Vermont v. Peter I. Diamondstone

[318 A.2d 654]

No. 63-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 2, 1974

304

*M. Jerome Diamond,* State's Attorney, and *Ronald A. Fox,* Deputy State's Attorney, for the State.

*Peter I. Diamondstone, pro se.*

**Keyser, J.** The defendant was issued a Uniform Traffic Ticket by the police of the Brattleboro Police Department for operating an uninspected motor vehicle on the public highway. The case was tried by jury at defendant's request. The defendant chose to try the case himself, and he conducted his own defense.

Trial resulted in a verdict and judgment of guilty, and the imposition of a fine of $50. The defendant thereupon appealed to this Court.

The statute alleged to have been violated is 23 V.S.A. § 1222. The statute requires that "All motor vehicles registered in this state, except motorcycles, shall be inspected twice each year during the months specified by the commissioner of motor vehicles, at intervals of not more than 6 months" and that "A person shall not operate a motor vehicle unless it has been inspected as required by this section and has a valid certification of inspection affixed to it."

The defendant also appeared *pro se* in this Court. He asserts numerous grounds of error in his brief.

■■ First, defendant argues that because the statute imposes a fine without reference to a person's income it violates the Fourteenth Amendment of the United States Constitution. The fixing of punishment for crime or penalties for unlawful acts against its laws is within the police power of the states. *Waters-Pierce Oil Co.* v. *Texas,* 212 U.S. 86, 53 L.Ed. 417, 430 (1908). But a fine imposed may not be so grossly excessive as to amount to a deprivation of property

without due process of law. *Id.* The fine imposed here was within limits set by the legislature. 23 V.S.A. § 2205(c). Moreover, the defendant has not presented the case of the fine having been converted into a prison term for an indigent without the means to pay the fine as condemned in *Tate* v. *Short,* 401 U.S. 395, 28 L.Ed.2d 130 (1971). The defendant's argument as to the failure to take into account a person's financial situation in determining the amount of the fine imposed was examined in Note, *Fines and Fining—An Evaluation,* 101 U.Pa.L.Rev. 1013, 1024–26 (1953), wherein the obvious practical difficulties in such a system were also presented. *Id.* at 1026. The circumstances shown by the record indicate the fine was neither excessive nor violative of the defendant's rights under the Equal Protection Clause of the Fourteenth Amendment.

The defendant claims next that the evidence showed an absence of adequate supervision of inspections by the state and that no record was kept by inspection stations of the results of their inspections. However, 23 V.S.A. § 1222 requires the commissioner of motor vehicles to designate and approve garages and qualified service stations to carry out the inspection of motor vehicles. The commissioner as a public officer is presumed to perform his duties satisfactorily and in accordance with his authority. *In re Neglected Child,* 130 Vt. 525, 532, 296 A.2d 250 (1972). The testimony to which the defendant points consists at best of reflections and opinions as to the general operations of the inspection of motor vehicles in Windham County. Moreover, if the defendant had successfully overcome the presumption that the commissioner of motor vehicles is entitled to, the claim has no relevancy to the defendant's guilt or innocence.

The defendant also claims that inspection of motor vehicles is an improper delegation to private enterprise together with an attack that such inspection has no practical relation to community health and safety. At the outset, we note that 23 V.S.A. § 1222 requires inspection of registered motor vehicles "for the purpose of determining whether those motor vehicles are properly equipped and maintained in good mechanical condition." It is axiomatic that a motor vehicle that is mechanically defective is more prone to be involved in a

traffic accident than one that functions normally, excluding, of course, driver error. In *State* v. *Solomon*, 128 Vt. 197, 199, 260 A.2d 377 (1969), this Court, in response to a challenge to a statute requiring motorcyclists to wear protective headgear, stated:

> It lies within the power of the legislature to adopt reasonable measures for the promotion of safety upon our public highways in the interests of motorists and motorcyclists and others who may use them. *Valcour* v. *Village of Morrisville*, 108 Vt. 242, 248, 184 A. 881. The highways belong to the state, and are subject to the police power of the state. *State* v. *Gamelin*, 111 Vt. 245, 250, 13 A.2d 204. It is fundamental that an act of the legislature commands judicial approval if on any reasonable view such act is designed and intended to protect the public health, safety and morals.

Furthermore, the state has previously cooperated with private enterprise to achieve public benefit in the areas of housing, *Vermont Home Mortgage Credit Agency* v. *Montpelier National Bank*, 128 Vt. 272, 277, 262 A.2d 445 (1970), and transportation, *Town of Bennington* v. *Parks*, 50 Vt. 178, 194 (1877). The defendant has presented nothing for our consideration to condemn such cooperation here to achieve safer highway travel by requiring mechanically sound motor vehicles.

The defendant complains that the police did not prevent him from operating his uninspected motor vehicle in violation of 23 V.S.A. § 1222, rather than issuing him a Uniform Traffic Ticket. A similar complaint was made by one arrested for operating a motor vehicle while under the influence of intoxicating liquor in *State* v. *Adams*, 131 Vt. 413, 416–18, 306 A.2d 92 (1973), to no avail, and the defendant takes nothing here.

The defendant requested that the trial court not excuse the jury while it entertained his motions for dismissal following the close of the prosecution's case. The court refused the defendant's request and excused the jury prior to the defendant's challenges to the statute, which consisted of the same arguments that we have already examined in this opinion. The defendant now argues here that the trial court's refusal to

honor his request resulted in denying him "the opportunity to obtain a jury verdict reflecting the jury's view of whether constitutional rights were denied me though this criminal prosecution." To buttress this argument, the defendant cites as authority "*The Crown* v. *John Peter Zenger*".

Although issues of fact are proper for the cognizance of a jury, *State* v. *Peterson*, 41 Vt. 504, 511 (1869), it is solely the function of the courts to pass on constitutional challenges, *Beecham* v. *Leahy*, 130 Vt. 164, 172, 287 A.2d 836 (1972). John Peter Zenger was tried under a colonial government. The trial court there held the opinion that falsehood was not necessary to be proved in an action for seditious libel. But such view has not been subsequently entertained by the courts of the United States. *People* v. *Croswell*, 3 Johns. Cas. 336 (N.Y. 1804). See especially the concurring opinions of Lewis, C.J., *id.* at 398–99, and Livingston, J., *id.* at 410, et seq. Nor is this the view in this state, where the question of whether the language of the alleged libel is true is an issue of fact for the jury to consider. *Lancour* v. *Herald & Globe Association*, 111 Vt. 371, 379, 17 A.2d 253 (1941). We fail to see the applicability of the defendant's cited authority to the case at bar. The defendant has not demonstrated error at law or to his prejudice in the denial of his request by the trial court to have the jury present while it heard his motions.

The defendant also asserts that proof of whether a motor vehicle has been inspected should have been from the public records of the Department of Motor Vehicles and not by what sticker was affixed to his motor vehicle. However, 23 V.S.A. § 1222 requires a motor vehicle being operated to have a valid certification of inspection affixed to it in addition to it having been inspected. Two police officers testified that on November 26, 1972, they saw the defendant operating his motor vehicle on a public highway in Brattleboro, Vermont, and that it did not have a valid inspection sticker attached. The certificate on the vehicle had expired in September, 1972, some two and one-half months prior to the date on which he was given a Uniform Traffic Ticket. The testimony of the officers was admissible to prove that the defendant was in violation of the requirement mandated by § 1222.

The defendant also complains for the first time on appeal of improper remarks made by the state's attorney in his

▆▆▆▆▆▆▆▆▆▆

closing argument to the jury as damaging to his right to remain silent and prejudicial to his presumption of innocence. The state's attorney's remarks were responsive to hypotheticals that the defendant himself presented in the course of his *pro se* cross-examinations of the state's witnesses. Furthermore, the defendant made no objection to the argument of the state's attorney before the trial court.

It is well recognized that objections to arguments of counsel, which a party regards as prejudicial, should be immediately brought to the court's attention. *State v. Oakes,* 129 Vt. 241, 258, 276 A.2d 18 (1971), *cert. denied,* 404 U.S. 965 (1971); *State v. Baril,* 127 Vt. 394, 399, 250 A.2d 732 (1969). The purpose of this requirement is to call the attention of the court to the problem and provide the court with ample opportunity to deal with it. *State v. McSheffrey,* 131 Vt. 329, 335, 306 A.2d 702 (1973); *State v. Ross,* 130 Vt. 235, 238, 290 A.2d 38 (1972). In these two preceding cases, the trial court undertook no corrective measures to alleviate comments which this Court held to be prejudicial. But here, the trial court specifically instructed the jury on the defendant's right not to take the stand or testify, the presumption of innocence in favor of the defendant, and cautioned the jury not to consider the closing arguments of the parties as evidence. Any possible prejudice that resulted to the defendant due to the remarks of the state's attorney was amply cured by the court's instructions to the jury.

▆▆▆ The defendant also complains of the testimony of one of the state's witnesses concerning the legislative process and purposes involved relating to inspection of motor vehicles. However, the defendant does not show in what way he was prejudiced by this testimony. See *State v. Lacillade,* 131 Vt. 161, 165, 303 A.2d 131 (1973). Moreover, the testimony of which he complains was elicited by the state's attorney on redirect examination after the defendant has questioned the witness on the same subject apparently in hopes of establishing the defense of lack of adequate supervision in the inspection process discussed earlier in this opinion. In addition, the defendant questioned the witness in recross-examination as to the purpose of the inspection of motor vehicles and elicited the same testimony of which he now complains. The defendant

cannot maintain error by pointing to direct testimony offered by the state's witness when he elicited the same testimony in cross-examination for his own purposes. See *State* v. *Arbeitman,* 131 Vt. 596, 313 A.2d 17, 19 (1973); *State* v. *McGrath,* 130 Vt. 400, 406, 296 A.2d 636 (1972). The admission of the testimony of which the defendant complains was not error.

The defendant's final point briefed is the display of prejudice by the trial judge during the proceedings—requiring the defendant to address the state's attorney formally rather than on a first name basis and to stand while addressing the witnesses. It has been the custom and traditional requirement of all attorneys to stand when addressing the court, jury and witnesses. This custom is uniformly administered in court and applies equally to a party who appears *pro se.* A.B.A. Standards Relating to the Function of the Trial Judge, Part VI, Maintaining Decorum of Courtroom. See also *State* v. *Dragon,* 131 Vt. 500, 310 A.2d 24 (1973). The defendant presents no showing of prejudice in the trial judge's decision to enforce the customary rules of decorum during the trial.

The defendant states other issues upon which he bases his request for relief from the judgment of the trial court. However, he made no attempt to brief these issues nor has he demonstrated factual prejudice that would require reversal of the conviction. See *In re Wright,* 131 Vt. 473, 310 A.2d 1, 10 (1973).

*Judgment affirmed.*