.State of Vermont
Superior Court — Environmental Division

=====================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=====================================================================

**In re Lawrence Site Plan Approval**                    **Docket No. 166-10-10 Vtec**
**(Appeal from Town of Brattleboro Development Review Board decision)**

Title: Motion for Appropriate Court Action as a Result of Appellant's Failure to
     File Brief as Ordered (Filing No. 16)

Filed: September 15, 2011

Filed By: Jodi P. French, Attorney for Interested Person Town of Brattleboro

Response in opposition filed on 10/4/11 by Judith Brownlow, Attorney for
     Appellant Xavier Rockwell, Esq.


 _X_ Granted                    __ Denied                    ___ Other

Interested Person Town of Brattleboro ("the Town") requests that the Court take appropriate action after Appellant Xavier Rockwell, Esq. ("Appellant") failed to file a brief as directed by our Entry Order of July 27, 2011. Appellant's brief was to be filed no later than August 29, 2011. The Town filed its motion for appropriate court action on September 15, 2011, seventeen days after Appellant's deadline had passed. In its motion, the Town asks the Court to consider all options available, including dismissing this appeal.

Twenty-one days after the deadline for filing her brief had passed, and four days after the Town filed its motion, Appellant filed a separate motion seeking an enlargement of time to file her brief. On September 22, 2011, we issued an Entry Order denying Appellant's request. Then, on October 4, 2011, Appellant filed a response in opposition to the Town's pending motion, as well as a one-page "Brief in a Nutshell."[1] Appellant submitted this brief after having received our September 22, 2011 Entry Order denying her request for additional time to file her appellate brief.

We now consider the Town's pending motion as well as Appellant's arguments opposing that motion.

Appellant makes four arguments in response to the Town's motion for appropriate court action. First, she states that she "repeats and re-alleges" the arguments she made in response to motions already ruled upon by this Court, and that she "repeats and re-alleges her Revised Statement of Questions," which the Court had ordered stricken in an April 13, 2011 Entry Order due to Appellant's failure to comply with the Court's January 19, 2011 Scheduling Order. (Opp'n to Mots. to Dismiss and Appellant's Nutshell Br. 1–2, filed Oct. 4, 2011.); see Entry Order on Appellant's Motion to Revise Statement of Questions, slip op. at 1 (Vt. Super. Ct. Envtl. Div.

---

[1] In our September 22, 2011 Entry Order, we indicated to Appellant that the deadline for her response was October 3. Despite the untimely filing of her response, we chose to accept it.

Apr. 13, 2011).   Second, Appellant claims a free speech right to file a brief, even after the filing deadline has passed.   Third, she alleges that the Court hid the deadline for the "filing of Appellant Briefs at the ends of other Entry Orders." (Id. at 2.)   Fourth, Appellant seeks review of the substantive issues she has raised on appeal.

In response to Appellant's first argument, we note that she has not brought to our attention any argument from her previous filings that is germane to our resolution of the pending motion.   We have reviewed Appellant's filings and discern no basis for revisiting rulings already rendered.

Turning to Appellant's second argument, Appellant does not offer an explanation for why "free speech rights" allow a litigant to ignore court procedures or deadlines.   We have already addressed the consequences of her failure to follow the deadline we set for the filing of an appellant's brief.   See September 22, 2011 Entry Order.   Appellant has failed to provide a suitable rationale for us to disturb the legal conclusions contained in that Entry Order; accordingly, we decline to revisit and revise our prior determinations.

Appellant has also provided no citations to a legal foundation for her assertion that "free speech rights" allow her to disregard the filing deadlines established by a court; nor has our own research revealed such a foundation.   We conclude that the right to free speech found in the United States and Vermont Constitutions does not permit a litigant to freely disregard Court orders and filing deadlines.   We therefore decline to allow Appellant to disregard well-established court procedures and filing deadlines.

As to Appellant's third argument—that this Court "hid" the briefing deadline in one of its July 27, 2011 Entry Orders—we note that the Court already responded to this argument by reminding Appellant that she has a duty and an ethical obligation, as a licensed attorney, to read, understand, and comply with all court orders.   See Entry Order on Appellant's Motion for Enlargement of Time, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sept. 22, 2011).   In our Entry Order of September 22, we concluded that "a simple reading of our Entry Orders would have provided clear notice of the deadline" and that she "waived the right to file a brief by not doing so on a timely basis." Id. at 2.   We see no need for further response to Appellant's assertion here, particularly in light of the fact that the subject entry order consisted of only one page and the briefing deadline was in bold font.

Turning to Appellant's fourth and final argument, while we have reviewed her discussion of the merits of the issues she raises in this appeal, we discern from it no rationale that salvages Appellant's appeal from dismissal.   To the extent that Appellant's "Brief in a Nutshell" presents the substantive basis of her appeal, her arguments appear misplaced.   They are non-responsive to the pending motion, which is limited to determining how the Court should proceed in this on-the-record appeal, given that Appellant has chosen not to file a timely appellate brief.

Further, we note that, even if we were to consider Appellant's arguments on the substantive issues in this appeal, it is clear her arguments would be unpersuasive.   For example, Appellant continues to request that this Court admit into evidence documents that were not offered or admitted in the proceedings below before the Town of Brattleboro Development Review Board ("the DRB").   She appears unable to grasp the concept of on-the-record appellate review, wherein our sole responsibility is to review the record established below; we cannot consider new evidence or render our own findings of fact.   See, e.g., In re Saman ROW

Approval, No 176-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2011) (Durkin, J.); In re Byrne Trusts NOV, No. 150-7-80 Vtec, slip op. at 1 (Vt. Envtl. Ct. July 15, 2009) (Durkin, J.). Second, Appellant argues that the DRB failed to "adequately address" fire and safety issues raised by the Brattleboro Fire Chief. (Opp'n to Mots. to Dismiss and Appellant's Nutshell Br. 1–2, filed Oct. 4, 2011.) However, the very letter on which Appellant relies for her conclusion shows that the DRB accepted all of the Fire Chief's recommendations and incorporated them as Condition 4 in its determination. See In re Matter of Steve Lawrence, Application No. 2010-108, at 5 (Town of Brattleboro Dev. Review Bd., Sept. 8, 2010).

Having concluded that Appellants' arguments opposing the Town's motion are unpersuasive, we now consider what action is appropriate for us to take. We note that appellate review of an issue before the Vermont Supreme Court is waived when an appellant files a brief that does not raise that specific issue. See In re Smith, Bell & Hauck Real Estate, 132 Vt. 295, 300 (1974) (explaining that appellate jurisdiction only applies to issues raised in an appellate brief and that "[i]ssues not briefed are waived"); see also In re Appeal of Fowler, 130 Vt. 176, 182 (1972). Moreover, the Vermont Supreme Court has repeatedly asserted that an appellate court "is not required . . . to undertake a search for claimed error where it is not adequately briefed, supported by argument, or pointed out in the record before [the court]." Tallarico v. Brett, 137 Vt. 52, 61 (1979) (quoting In re Wright, 131 Vt. 473, 490 (1973) (citations omitted)).

Our review of on-the-record appeals from land use determinations is limited in a manner similar to the Vermont Supreme Court's review of decisions on appeal. In each instance, appellate review is limited to examining the record below and the parties' briefs; neither we nor the Supreme Court are authorized to review factual representations not in the record or to make our own factual findings. See Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 1; Hoover v. Hoover, 171 Vt. 256, 258 (2000); V.R.A.P. 10(a) (limiting the record to the transcript and original papers filed with the tribunal below); V.R.E.C.P. 5(a)(2).

Thus, the appellate briefs we receive in on-the-record appeals are analogous to those the Vermont Supreme Court receives. Consequently, we will treat issues not raised in briefs as waived, and we will treat an appellant as waiving her right to review when she fails to timely file a brief. We therefore decline Appellant's invitation to look beyond the record below in this on-the-record appeal. We will also not search the record for legal arguments or factual evidence not brought to our attention by Appellant.

We conclude that Appellant here has waived her right to appellate review because she failed to file an appellate brief by the deadline imposed in our July 27, 2011 Entry Order. We will not search the record of the DRB proceedings for unspecified errors to compensate for Appellant's failure to timely file a brief; to do so would be unfair to the other parties in this appeal and would put the Court in the position of advocate rather than neutral arbiter.[2]

We regret that Appellant's actions and inactions have prevented us from reviewing her appeal on its merits. However, as summarized in our Entry Order of September 22, 2011, because Appellant has caused repeated delays thus far in this appeal and has therefore caused unnecessary detriment to the other parties, we decline to reverse our prior ruling that Appellant

---

[2] We are concerned about making a litigant's arguments for her, particularly because disadvantage to the other parties could result. See Ricci v. Bove's Administrator, 116 Vt. 406, 411 (1951) ("[E]very person is entitled by law not only to a fair trial of his case, but one free as may be from suspicion of partiality.").

waived her opportunity to file an appellate brief.  The record indicates that the Court clearly warned Appellant that she may face sanctions, including dismissal, if she caused further delays or did not comply with the Court's Orders and filing deadlines therein.  See Entry Order on the Town's Motion to Dismiss, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 13, 2011); Entry Order on Appellant's Motion to Revise Statement of Questions, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 13, 2011).

We therefore **GRANT** the Town's motion for appropriate court action and conclude that this appeal must be **DISMISSED, with prejudice**.

This concludes the current proceedings before this Court in this on-the-record appeal.

_____                    ____October 17, 2011_____ 
Thomas S. Durkin, Judge                                                             Date

======================================================================

Date copies sent to: _____                                    Clerk's Initials _____

Copies sent to:

  Appellant Xavier Rockwell, Esq.

  Judith Brownlow, Attorney for Appellant Xavier Rockwell, Esq.

  Jodi P. French, Attorney for Interested Person Town of Brattleboro

  Appellee Stephen Lawrence, Pro Se