## State of Vermont v. David Becker

[287 A.2d 580]

No. 152-70

Present: Shangraw, Barney, Smith and Keyser, JJ., and Daley, Supr. J.

Opinion Filed February 1, 1972

*Frank G. Mahady*, State's Attorney, for Plaintiff.

*Glover & Fink*, Ludlow, for Defendant.

**Shangraw, J.** On September 1, 1970, David Becker was arrested and arraigned before the District Court of Vermont, Unit VI, Windsor Circuit, on an information and warrant alleging that the respondent did disturb and break the public peace by an unnecessary and offensive noise in the nighttime,

in violation of 13 V.S.A. § 1022. At that time he entered a plea of not guilty.

Respondent, through counsel, requested a jury trial. The state objected to the request on the ground that the offense did not entitle respondent to a jury trial because the statutory provision for the penalty allowed no imprisonment and provided for a maximum fine of fifty dollars. The motion for a jury trial was denied by the court.

Subsequently, the respondent filed a motion requesting that the trial court certify the following question to this Court before final judgment pursuant to 12 V.S.A. § 2386:

> "Is a Criminal Defendant charged with an offense punishable by a maximum fine of Fifty Dollars ($50.00) and no imprisonment entitled to trial by jury under the laws of the United States and the State of Vermont, specifically but not limited to Article 6 of the United States Constitution and Article 10 and 12 of Chapter 1 of the Vermont Constitution?"

On October 23, 1970, the foregoing question was certified to this Court for determination without objection on the part of the state.

Chapter 1, Article 10 of the Vermont Constitution in part provides that in all prosecutions for criminal offenses, a person hath a right to "a speedy public trial by an impartial jury of the country. . . ." This Article continues by setting forth that "nor can any person be justly deprived of his liberty, except by the laws of the land, or the judgment of his peers. . . ." Moreover, as stated in Article 10, *supra*,

> ". . . [I]n criminal prosecutions for offenses not punishable by death or imprisonment in the state prison, the accused, with the consent of the prosecuting officer entered of record, may in open court or by a writing signed by him and filed with the court, waive his right to a jury trial and submit the issue of his guilt to the determination and judgment of the court without a jury."

In guaranteeing the right of trial by jury, the Vermont Constitution, Chapter I, Article 10, makes no distinction between felonies and misdemeanors. By the use of the words

"criminal offenses" it embraces the two categories. In furtherance of the intent of the framers of Article 10 preserving the right of trial by jury in misdemeanor cases, this Article provides that such right may be waived and trial had by court without a jury.

Chapter 1, Article 12 of the Vermont Constitution also provides: "That when any issue of fact, proper for the cognizance of a jury is joined in a court of law, the parties have a right to trial by jury, which ought to be held sacred."

The application of Articles 10 and 12, *supra,* and the corresponding right to trial by jury are not topics of first impression in this Court. *State* v. *Peterson,* 41 Vt. 504 (1869), contains a full discussion of this very question.

At page 511 of the *Peterson* opinion, *supra,* it was held that the expression in Article 10, "all prosecutions for criminal offenses" means all prosecutions for crimes or misdemeanors in the trial of which the "issue in fact" is proper for the cognizance of a jury.

The Court in *State* v. *Graves,* 119 Vt. 205, 218, 122 A.2d 840 (1956), affirmed the right to a jury trial. At page 215 of the opinion appears the following statement:

> "A construction of the Constitution which runs contrary to long established practice will not lightly be indulged in. It is only where the plain and obvious meaning is to the contrary that the Court will disturb a construction of the Constitution put upon it by long acquiescence and practice."

*State* v. *Brisson,* 124 Vt. 211, 214, 215, 201 A.2d 881 (1964), holds that in criminal cases trial by jury is a constitutionally protected right. Vt. Const. Ch. I, Art. 10. Due process is involved, and the law is sensitive to any infringement or impairment. See *State* v. *Ovitt,* 126 Vt. 320, 324, 229 A.2d 237 (1967).

It is the general contention of the state that the denial of respondent's motion for a trial by jury for his alleged violation of 13 V.S.A. § 1022 does not abridge his right to a jury trial, as set forth in the United States Constitution, and in Chapter I, Articles 10 and 12 of the Vermont State Constitution.

The state urges that the holding in *State* v. *Peterson, supra,* should be overruled. It is claimed that the "Noise in the nighttime" statute, 13 V.S.A. § 1022, *supra,* under which this prosecution is brought, is within the category of offenses which do not require a jury trial. A violation of the statute in question carries with it a maximum penalty of Fifty Dollars ($50.00). By this, it is the state's contention that the offense is not of a sufficiently serious nature as to be deemed a crime within the protection of a constitutional right to trial by jury.

In some of the states the constitutions expressly provide that certain classes of offenses shall be tried without a jury or authorize the legislature to make such provision by statutory enactment. 50 C.J.S. *Juries* § 77; *State* v. *Owens,* 54 N.J. 153, 254 A.2d 97, 100 (1969); *State* v. *Gorra Brothers, Inc.,* 4 Conn. Cir. 488, 236 A.2d 345, 348, 349 (1967); *Dobkin* v. *District of Columbia,* 194 A.2d 657 (D.C. Ct. App. 1963). Such provisions are not contained in the Vermont Constitution nor do we have statutory provisions denying a defendant, charged with a criminal offense, the right to a jury trial.

The provisions of the Vermont Constitution of 1793, and the course of legislation in this state before and since that time, leave no doubt that the people have regarded all criminal causes as proper for cognizance of a jury. It is our belief that the framers of the Vermont Constitution intended to secure to an accused, in prosecutions for all "criminal offenses", the right of trial by jury.

Since Vermont law gives the respondent this right, there is no necessity to reach any Federal constitutional issues.

*The question certified is answered in the affirmative.*