**STATE of Delaware ex rel. Sarah COLATRIANO**

v.

**Joseph COLATRIANO, Defendant.**

Superior Court of Delaware,
New Castle.

Nov. 15, 1972.

Francis A. Reardon, Charles Brandt, Deputy Attys. Gen., Wilmington, for State.

Richard A. Paul, Asst. Public Defender, Wilmington, for defendant.

## ORDER

O'HARA, Judge.

Defendant, Joseph Colatriano, was found guilty in the Family Court of non-support in May, 1969, and ordered to make weekly payments. He regularly failed to make the payments or to notify the Family Court Support Officer of his inability to do so. As a result, the Family Court, in January, 1970, warned defendant that continued failure to make the payments or give notice of his inability to make them would result in a charge of contempt against him. Despite the Court's warning, defendant regularly neglected to pay or give notice and his arrearages grew until, in July, 1971, they exceeded $1,300.00. A rule to show cause was issued against defendant and, after several months delay due to illness of the defendant, appointment of counsel and defendant's failure to appear, trial was held on January 4, 1972. At this trial, defendant was found to be in contempt and sentenced to a term of three months in the Division of Adult Corrections. Defendant has appealed his conviction of contempt, as is his right under 10 Del.C. § 960, and has demanded a jury trial.

It should be noted at the outset that defendant does not appeal from the 1969 support order, nor does he challenge it in any way. Thus, the issue the Court is asked to decide is whether a criminal defendant is entitled as a matter of right to a trial by jury on appeal from a lower court where the sentence imposed is three months. Determination of this question, in turn, revolves around the hazy distinctions between "petty" and "serious" offenses.

The Family Court is a court of limited jurisdiction, State v. Fowler, 194

A.2d 558 (Del.Super.1963), with civil and criminal jurisdiction, 10 Del.C. § 921, § 922, and possesses power to determine and punish civil and criminal contempt. 10 Del.C. § 925.

That defendant was convicted in the Court below of criminal contempt is clear. By the terms of the lower Court's order, defendant was held in contempt for his failure to observe the terms of an earlier order of the Court and because of the Judge's belief that defendant's non-compliance was wilful and that he intended to "get out of making payments in any way he can". Whether or not the Family Court would have permitted defendant to purge himself of his contempt by paying the arrearages is immaterial; the order committing defendant to prison is on its face unconditional. It is apparent from the record that the lower Court Judge's purpose in holding defendant in contempt was to punish him and that defendant did not "hold the keys to the jail in his own hands". State ex rel. Buckson v. Mancari, 223 A.2d 81 (Del.Supr.1966).

 The State contends that although the offense is characterized as "contempt", the proceeding is actually one for revocation of probation. This Court disagrees. First, the penalty for non-support is imprisonment for not more than one year, fine of not more than $500.00, or both. 13 Del.C. § 502. Defendant was convicted of non-support in May, 1969, and of "contempt" in January, 1972, more than a year and one-half after the original action. Probation or suspension of sentence cannot extend beyond the maximum sentence provided by law. 11 Del.C. § 4334. Second, even if the lower court's probationary powers are of longer duration than the one year maximum sentence, the record does not show that defendant was, in fact, placed on probation. Accordingly, this Court finds that this is not a revocation of probation case.

As stated above, the real issue in this case is whether or not the defendant is entitled to a jury trial. The Supreme Court of the United States has held that persons charged with "serious" criminal contempts in federal courts are entitled to jury trial, U. S. v. Barnett, 376 U.S. 681, 84 S.Ct. 984, 12 L.Ed.2d 23 (1964), reh. den. 377 U.S. 973, 84 S.Ct. 1642, 12 L.Ed.2d 742*, and that this right extends to defendants in state courts, as well. Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968).

 The distinction between "serious" and "petty" contempts and offenses has troubled the Justices of the Supreme Court and they have not settled upon a definitive dividing line between serious and petty offenses as pertaining to the right to trial by jury. Cf. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) [holding that where a defendant faces imprisonment for even a brief period of time he is entitled to be represented by counsel]. A sentence of ten days or less is "petty" and a jury trial is not required, Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968), but where the offense carries with it an authorized penalty of imprisonment for more than six months, the offense is not petty. Baldwin v. N. Y., 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). Where, as is common in contempt cases, no maximum sentence is fixed by statute, the punishment actually imposed, rather than what defendant might have received, has been held to determine whether the contempt is serious or petty. Dyke v. Taylor Implement Mfg. Co., supra.

Is a jail sentence of three months of such seriousness, in the constitutional sense, that the accused is entitled to a jury trial as a matter of right? The courts of this State have not addressed themselves to this question and the Supreme Court of the United States has found it troublesome, in-

---

* The *Barnett* case was decided on the Supreme Court's rule making power over in-ferior federal courts. U.S. v. Bukowski, 435 F.2d 1094 (7th Cir. 1970).

## 534

deed, holding that sentences of ten days or less are "petty", Dyke v. Taylor Implement Mfg. Co., supra, and those of six months or longer are not "petty", Baldwin v. N. Y., supra.

For guidance, the Court looks to the Constitution and laws of the State of Delaware. Article I, § 7 of our State Constitution guarantees the right to trial by jury in "all criminal prosecutions". No distinction is made between petty or serious offenses, although historically various offenses have been held not triable by juries (e. g., offenses, criminal in nature, within the jurisdiction of the Family Court and minor traffic violations). Article IV, § 28, providing for appeals from inferior courts where the penalty is imprisonment for one month or more or fines exceeding $100.00, offers some insight into the Legislature's idea of what constitutes the dividing line between offenses punishable by more or less summary proceedings in lower courts and actions which should be tried in a court of record.

■ However, the Court need not go this far. Imprisonment for three months often involves major personal and family dislocation and hardship, aside from the stigma of a criminal conviction. Loss of employment and income, exhaustion of family savings flowing from absence of the family breadwinner, separation from spouse and children and loss of liberty in often inadequate prisons are indeed serious consequences of conviction and confinement. The Court holds, therefore, that offenses for which the accused may be imprisoned for 90 days or more are not petty and that the accused is entitled to trial by jury.

■■ Finally, defendant argues that, in any event, use by the State of a show cause order to bring defendant before the court in a criminal contempt proceeding is improper because it operates to shift the burden of proving guilt beyond a reasonable doubt from the State and requires the defendant to prove his non-guilt. This is without merit, for whatever the form employed to cause the defendant to appear in a criminal contempt proceeding, the burden is upon the State to prove guilt. See 17 C.J.S., Contempt, § 84(2), pp. 213–214. Moreover, Rule 42, Del.Super.Ct.R.Cr. Proc., Del.C., and Federal Rule 42, Fed. Rules Cr.Proc., 18 U.S.C.A., from which our rule is derived, both expressly provide for use of rules to show cause in criminal contempt proceedings.

For the reasons herein stated, the Court is of the opinion that defendant's motion for trial by jury should be granted and that at such trial, it will be the State's burden of proving defendant's guilt beyond a reasonable doubt.

It is so ordered.