## State of Vermont v. Robert E. Dragon, Jr.

[310 A.2d 24]

No. 36-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 2, 1973

*Paul F. Hudson,* State's Attorney, for the State.

*Glover & Fink,* Ludlow, for Defendant.

**Smith, J.** During the course of a jury trial on the defendant in the District Court of Vermont, Unit No. 6, Windsor Circuit, on January 26, 1971, the lower court found the defendant in contempt of court, after dismissing the jury. The defendant was sentenced from 0 to 3 months in the Vermont State Prison, this sentence to run consecutive to any sentences the defendant was serving: (1) a sentence of from 2 to 7 years, consecutive to sentences imposed prior to its imposition on May 29, 1971; (2) a sentence of from 0 to 10 years concurrent to any sentences existing at the time of imposition in June, 1971; and (3) a sentence of from 6 to 24 months, which sentence expired May 29, 1972. Defendant, pursuant to the then existing statutes (13 V.S.A., Chapter 221, subchapter 2) would necessarily have to serve the maximum amount of his previous sentences before the sentence of from 0 to 3 months for contempt would commence to run.

The sole question presented is the claimed error on the part of the lower court in denying the defendant the right to trial by jury for the contempt.

During the course of the opening statement of the State's Attorney to the jury, and at a time when both the State's Attorney and the counsel for the defendant were conferring at the bench, the defendant started to talk. Mr. Dragon stated:

> "This is the second trial you have set here and lied to me. I am not setting here being railroaded by you or anybody else. If I am going to do something, I'll do it here,—you can charge me with it,—it will be something I have done. I am not getting railroaded again."

These remarks were apparently directed toward the State's Attorney.

The lower court then stated to the defendant:

> "Will you please sit down? You have a right to be present throughout the trial and to participate with your counsel throughout the trial. If this right is abused by disruptions, we have no recourse than to remove you until such time as you are willing to come back and participate in the trial without disruption."

To this the defendant replied:

"I told you this morning out there, I wanted no part of this."

The lower court then asked the defendant:

"Are you going to stay in this trial without disrupting the trial?"

The defendant replied:

"I told you I didn't want to stay in this trial;—it is all phoney!—I told you that this morning."

The court then declared a recess, dismissed the jury and granted the motion of the State for a mistrial, and found the defendant in contempt and imposed the sentence appealed from.

The defendant relies upon both State and Federal precedent in maintaining a right to jury trial for contempt of court. The precedent upon the state level is based on the interpretation of Chapter 1, Article 10, of the Vermont Constitution, as interpreted by this Court in *State* v. *Becker*, 130 Vt. 153, 156, 287 A.2d 580 (1972), in which we stated:

"It is our belief that the framers of the Vermont Constitution intended to secure to an accused, in prosecutions for all 'criminal offenses', the right of trial by jury."

The question presented in *Becker* was whether the Vermont Constitution made a distinction between felonies and misdemeanors in guaranteeing the right of trial by jury.

However, in *State Ex Inf. The Atty. Gen.* v. *Hildreth*, 82 Vt. 382, 384, 74 A. 71 (1909), the Court made clear that it was the common law which governs contempt proceedings in this state. In the words of then Chief Justice Rowell:

"[T]he common law governs here, for we have no constitutional provision on the subject, and no statutory provision save that which enacts that a person who defames a court of justice, or a sentence or proceeding thereof, or defames the magistrate, judge, or justice of such court as to an act or sentence therein passed, shall be fined not more than so much."

What the Court then said is equally applicable today, except that 12 V.S.A. § 123 provides:

> "Imprisonment as punishment for contempt, or to enforce orders, sentences or decrees in contempt proceedings, or upon execution issued in civil process, shall be in a correctional facility maintained by or for the state."

The defendant contends also that under *Bloom* v. *Illinois,* 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), the Supreme Court of the United States has held that prosecution for serious criminal contempts are subject to the jury trial provisions of Article 3, Section 2, of the United States Constitution and of the Sixth Amendment. Such Sixth Amendment's right of trial by jury was made binding upon the States by the Due Process Clause of the United States Constitution in *Duncan* v. *Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

Defendant admits that the United States Supreme Court, in *Bloom,* as a guideline for determining serious crimes used the standard prescribed in *Cheff* v. *Schnackenberg,* 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966), holding that incarceration for less than six months is a petty offense. It will be recalled that the longest period of incarceration the defendant could serve under the appealed sentence for contempt was three months, which would be a petty offense under the Federal guidelines. The United States Supreme Court in *Re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948), in commenting upon the due process requirement in regard to proceeding for criminal contempt, made the following statement:

> "The narrow exception to these due process requirements includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, when all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is necessary 'to prevent' demoralization of the court's authority before the public." *Id.,* 333 U.S. at 275.

The facts of the instant case fit such requirements.

*Affirmed.*