**Joseph THOMAS, Defendant-Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff-Below, Appellee.**

Supreme Court of Delaware.

Argued Oct. 18, 1974.

Decided Jan. 2, 1975.

Jay H. Conner, Conner, Daley & Erisman, Wilmington, for defendant-below, appellant.

Jeffrey M. Weiner, Deputy Atty. Gen., Wilmington, for plaintiff-below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice.

The defendant seeks a reversal of his conviction of contempt which was tried by the Superior Court without a jury. He asserts this is a criminal contempt proceeding and that the Sixth Amendment and Article 1, Section 7, of the Delaware Constitution, Del.C.Ann., guaranteed him the right to a jury trial. He further asserts the verdict was against the weight of the evidence.

I

The defendant was charged with twelve counts of contempt of court for alleged

misstatements in bail-bond applications and affidavits signed by him and filed with the Prothonotary.

Defendant moved for a jury trial. This motion was denied on the ground that should he be found guilty, the State had agreed to seek a sentence of less than ninety days. In so ruling the Court relied upon State ex rel. Colatriano v. Colatriano, Del.Super., 301 A.2d 531 (1972) which held that a defendant is entitled to trial by jury of offenses for which the accused may be imprisoned for ninety days or more.

The State does not question that a criminal contempt proceeding as here, is in the nature of a "criminal prosecution" within the constitutional guarantees of trial by jury, but the State contends that its agreement to limit the sentence to eighty-nine days, and the subsequent imposition of an eighty day sentence by the Court, are the determining factors in deciding the defendant's right to trial by jury.

## II

We first consider the "trial by jury as heretofore" provision of Article 1, § 4 of the Delaware Constitution.

The historical concept of the inherent right of a Court to determine for itself without a jury whether an accused is in contempt of court is well stated in Eilenbecker v. District Court of Plymouth County, 134 U.S. 31, 10 S.Ct. 424, 33 L.Ed. 801 (1890):

"If it has ever been understood that proceedings according to the common law for contempt of court have been subject to the right of trial by jury, we have been unable to find any instance of it. It has always been one of the attributes—one of the powers necessarily incident to a court of justice—that it should have this power of vindicating its dignity, of enforcing its orders, of pro-

tecting itself from insult, without the necessity of calling upon a jury to assist it in the exercise of this power."

This inherent right was again restated in Green v. United States, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958) which held that the language of the Sixth Amendment[1] and Article III, Section 2,[2] of the United States Constitution does not apply to contempt proceedings and does not require a jury trial.

■ We hold, therefore, that criminal contempt, a common law offense, does not fall within the provision of Article 1, § 4 of the Delaware Constitution which guarantees a right to trial by jury as "heretofore"; and applying the standard of *Green,* supra, neither does Article 1, § 7 of the Delaware Constitution, which is identical to its federal counterpart (the Sixth Amendment), require a jury trial.

## III

The next consideration is the effect upon the defendant's right to jury trial of the recent "petty offense" and "serious offense" classifications accorded criminal prosecutions by the U. S. Supreme Court. In Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966) it was held that petty offenses do not require trial by jury, and the Court, in the exercise of its supervisory power and under the peculiar power of the federal courts to revise sentences in contempt cases, ruled that sentences exceeding six months for criminal contempt may not be imposed by federal courts unless a jury trial has been received or waived. This was the beginning of a trend to jury trials of right in serious criminal contempt proceedings. See also United States v. Barnett, 376 U.S. 681, 84 S.Ct. 984, 12 L.Ed.2d 23. Compare Baker v. City of Fairbanks, Alaska Supr., 471 P. 2d 386 (1971), State v. Browder, Alaska

---

1. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ."

2. "The Trial of all Crimes, . . . . , shall be by Jury . . . . ."

**150**

Supr., 486 P.2d 925 (1971) and State v. Becker, 130 Vt. 153, 287 A.2d 580 (1972).

In Duncan v. State of Louisiana, 391 U. S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), without settling the exact location of the line between petty offenses and serious crimes, the Court held that the right to trial by jury in serious criminal cases in federal courts is guaranteed by Art. III of the United States Constitution and by the Sixth Amendment, and is also guaranteed by the Fourteenth Amendment to defendants tried in state courts. See also Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968).

Since *Duncan* and *Bloom*, supra, Frank v. United States, 395 U.S. 147, 149–150, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969) and Baldwin v. New York, 399 U.S. 66, 69, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) have established for jury trial purposes a fixed dividing line between petty and serious offenses, viz, those crimes carrying more than six months sentences are "serious" crimes and those carrying less are "petty" crimes. Jury trials are required for the former but not the latter.

As in the case at bar, where no maximum sentence is established by statute, the punishment actually imposed, rather than that which could have been imposed, determines the seriousness of the offense in determining the right to jury trial. Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974).

### IV

The majority of states follow the guidelines of the United States Supreme Court in interpreting their respective state constitutional provisions regarding right to trial by jury in contempt proceedings. We agree with the majority, and in so doing, we disavow that part of *Colatriano* supra which adopted a ninety-day sentence test instead of the federal six-month rule as a fixed dividing line between petty and serious crimes.

### V

In this case the Court permitted the Attorney General to invade the province of the Court by "agreeing" prior to trial that a sentence of less than ninety days would be imposed in the event of a conviction. Given our adoption of the *Codispoti* rule there was no error, but such practice should not be followed. We prescribe as a guideline that the Trial Judge hold a pre-trial hearing on the jury trial "serious offense" question (which may consist of no more than an opening statement from each side in the Court's discretion) and independently determine whether a jury trial is required.

We find no merit to defendant's claim that the verdict was against the weight of the evidence and feel no need for further comment.

Affirmed.