**STATE of Delaware, Plaintiff,**

v.

**Austin B. HOLLINGER et al., Defendants.**

Superior Court of Delaware, Kent.

April 14, 1975.

Kenneth R. Abraham, Deputy Atty. Gen., Dover, for the State of Delaware.

Steven Schwartz, of Schmittinger & Rodriguez, P.A., Dover, for defendants.

TAYLOR, Judge.

Each defendant is charged with violating Section 7, Article V of the Delaware Constitution, Del.C.Ann., which deals with certain election offenses. Each defendant has demanded jury trial, and the Attorney General has moved to strike the demand for jury trial.

The issue here is whether defendants are entitled to a jury trial on this charge. Section 7, Article V of the Delaware Constitution provides that a person who does any of the prohibited acts relating to an election shall be deemed guilty of a misdemeanor and shall be fined not less than $100 nor more than $5,000, or shall be imprisoned for a term not less than one month nor more than three years, or shall suffer both fine and imprisonment within said limits, at the discretion of the Court. It further provides for disenfranchisement of a male voter for a period of ten years, in certain instances. Section 8, Article V of the Delaware Constitution provides that the prosecution shall be by information filed by the Attorney General and "the cause shall be heard, tried and determined by the court without the intervention of either a grand jury or petit jury."

In order to leave no doubt, the constitutional draftsman provided in Section 7 of Article XV that Sections 7 and 8 of Article V are excepted from the provisions of the Delaware Constitution concerning trial by jury.

Applying the language of the Delaware Constitution, defendants are not entitled to the requested jury trial. The issue is whether the United States Constitution requires that defendants be afforded a jury trial notwithstanding the Delaware Constitution. At the outset, it is clear that the framers of the Constitution intended the violation of the election provision to constitute a crime. They designated the offense as a misdemeanor and they provided penalties consisting of fine or imprisonment or both. Hence, the indicia for constituting a crime are present.

In Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the United States Supreme Court held that the right to jury trial for serious offenses is a fundamental right applicable to prosecutions within the states as within the federal government. *Duncan* recognized that the right to jury trial does not extend to the category of petty crimes and offenses. The Court held that the authorized penalty for a particular crime is a major determinant in casting a crime as serious or petty and that if the penalty which may be imposed is severe enough, this alone may constitute the crime as serious, entitling a defendant to jury trial. In *Duncan,* while the Court gave some favorable attention to drawing the line between petty and serious at six-months possible imprisonment, the Court there limited its holding to a determination that a possible two-year imprisonment signifies a serious crime, entitling the defendant to jury trial.

In Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), the United States Supreme Court rejected named distinctions such as the distinction between misdemeanors and felonies as establishing the proper line between petty and serious crimes and held that wherever the possible penalty exceeds six-months im-

prisonment, the crime must be classified as serious for purposes of trial by jury.

It should be noted that the right to trial by jury has been made specifically applicable to charges of contempt of court which may not fall precisely in the category of crimes and for which there may be no specified penalty. In Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), the United States Supreme Court held that where a maximum penalty was not specified, the Court would look to the actual penalty imposed to determine whether the offense fell into the serious category.

■ In Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974), the United States Supreme Court held that where a defendant was being tried for a series of contempt charges consecutive sentences aggregating more than six months entitled the defendant to a jury trial.[1] *Baldwin* and *Codispoti* stand for the proposition that a six-month test is to be applicable in determining a defendant's right to jury trial regardless of whether defendant is charged with a crime or criminal contempt.

The Delaware Supreme Court in Thomas v. State, Del.Supr., 331 A.2d 147 (1975), recognized the applicability of these decisions to a Delaware criminal contempt action and held that the dividing line between petty and serious crimes for requiring jury trial is the "six-month rule".

■ The Constitutional Debates of 1897 show that the objective of Section 8, Article V was to assure more convictions for election bribery.[2] It was felt that the jury system was ineffective in dealing with political matters and that a different system was needed to deal with election violators.

The sponsors of this provision were well aware of the possible impact of the Fourteenth Amendment to the United States Constitution upon it. However, an exhaustive review of the judicial precedents then available indicated that the determination of circumstances under which jury trial might be withheld in state courts was a matter within state control. This proposition remained sound until 1968, when it was resolved to the contrary in *Duncan*.

Section 8, Article V, did not represent an experiment designed to provide protection for the accused—it represented an attempt to protect the sanctity of elections by providing a means for convicting more of those who were accused of violation. In direct contrast to that objective is the objective of the recent United States Supreme Court decisions to provide greater protection for the accused through the intercession of the jury. The reasoning is antithetical. According to the framers of the Delaware Constitution, the evil of election bribery is especially serious, and, hence, there should be no jury trial. But, according to the United States Supreme Court cases, a crime which is serious entitles a defendant to jury trial.

Where a penalty is prescribed in the law, the United States Supreme Court decisions look to the maximum imprisonment which could be imposed under the charge. Duncan v. Louisiana, supra; Baldwin v. New York, supra. Section 7, Article V, of the Delaware Constitution defines certain crimes for which it provides a possible maximum imprisonment of three years. Under the above decisions, a defendant faced with a charge under that provision is entitled to a jury trial. I find no valid basis for affording a defendant more limited rights when defending against a charge of a crime defined by state constitution than

---

1. In Frank v. United States, 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969), probation for a period of three years in a criminal contempt action was held not to remove the case from the petty offense category.

2. 1 Debates and Proceedings of the Constitutional Convention, 1897, pp. 501–10, 557–72, 574–98, 602–20, 624–47, 651–75, 679–85.

he is afforded with respect to a crime of statutory origin.

Accordingly, I conclude that, insofar as Section 8, Article V undertakes to deprive a defendant charged with violating Section 7, Article V of jury trial, that provision violates the rights of a defendant under the United States Constitution to jury trial as those rights have been interpreted by the United States Supreme Court. Each defendant is, therefore, entitled to jury trial with respect to the charges alleging violation of Section 7, Article V of the Delaware Constitution.

Each defendant's demand for trial by jury is granted and the motions to strike the demand are denied.

It is so ordered.