Frank A. CLEMENTS, Sr., Plaintiff Below, Appellee and Cross-Appellant,

v.

FAMILY COURT of the State of Delaware IN AND FOR KENT COUNTY and the Honorable David P. Buckson, Defendants Below, Appellants and Cross-Appellees.

Supreme Court of Delaware.

Submitted Nov. 13, 1978.

Decided March 22, 1979.

---

I. Barry Guerke, Dover, for plaintiff below, appellee and cross-appellant.

Harrison F. Turner, Deputy Atty. Gen., Dover, for defendants below, appellants and cross-appellees.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

The central issue in this appeal and cross-appeal is the effect of a Family Court adult defendant's asserted constitutional right to trial by jury upon the statutory provision granting the Family Court exclusive jurisdiction over defendant's and certain other criminal cases, since the Family Court lacks the procedural authority to conduct trials by jury.* Because the defendant may take a timely appeal from a criminal conviction in the Family Court to the Superior Court, where a jury trial *de novo* is available, we are of the opinion that this provides a two-tier system which meets constitutional muster under *Ludwig v. Massachusetts*, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976) and that the statutorily granted exclusive jurisdiction in the Family Court is unaffected.** This appeal and cross-appeal have been briefed and argued in this Court on stipulated issues which we need not address specifically but which will be answered at least inferentially by this opinion.

I

Defendant, an adult, appeared in the Family Court charged with a sexual assault. The offense (11 *Del.C.* § 761) carries a penalty on conviction of up to two years imprisonment. Defendant moved for trial by jury, or for dismissal because of the unavailability of a jury trial. Following the denial of this motion, defendant sought a Writ of Mandamus or Prohibition in the Superior Court, based upon his demand for trial by jury or dismissal in the Family Court. The Superior Court decreed that 10 *Del.C.* § 922 must be read divested of the word "exclusive" and ordered that the case be transferred to the appropriate court of jury trial capability, i. e., the Superior Court or the Court of Common Pleas. The appellants appeal the Superior Court's action divesting the Family Court of its statutory jurisdictional authority. Defendant cross-appeals the power of the Superior Court to order a transfer of a criminal prosecution from one inferior court to another.

II

The Family Court Act of 1971 was enacted by the General Assembly and created a

---

\* 10 *Del.C.* § 940(a) provides:
   "(a) Prosecution of a person subject to the jurisdiction of the Court who has reached his 18th birthday prior to the time of the commission of the offense shall be by information only without trial by jury."

\*\* 10 *Del.C.* § 922 provides in its pertinent part:
   "The Court shall have exclusive original criminal jurisdiction in all proceedings in this State concerning the following, the enumeration of which shall not be construed to exclude jurisdiction otherwise conferred upon the Court:"

   \*     \*     \*     \*     \*     \*

   "(17) Sexual assault on a child under 11 *Del.C.* § 761;"
   10 *Del.C.* § 960(a) provides:
   "From any order, ruling, decision, or judgment of the Court there shall be the right of appeal as provided by law to the Superior Court."

statewide court of record with civil and criminal jurisdiction over family and child matters under a legislative mandate that:

"The court shall endeavor to provide for each person coming under its jurisdiction such control, care, and treatment as will best serve the interests of the public, the family, and the offender, to the end that the home will, if possible, remain unbroken and the family members will recognize and discharge their legal and moral responsibilities to the public and to one another.

This Chapter shall be liberally construed that these purposes may be realized." 10 *Del.C.* § 902.

By 10 *Del.C.* § 922 the General Assembly provided that the Family Court have exclusive original criminal jurisdiction in twenty-one enumerated proceedings among which appears the offense of sexual assault under which the defendant here stands charged.

It is conceded that under *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) and *Thomas v. State*, Del.Supr., 331 A.2d 147 (1975), the defendant has a right to trial by jury.

In *Baldwin* the Court stated:

"In *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), we held that the Sixth Amendment, as applied to the States through the Fourteenth, requires that defendants accused of serious crimes be afforded the right to trial by jury. We also reaffirmed the long-established view that so-called 'petty offenses' may be tried without a jury. Thus the task before us . . . is . . . one . . . of determining the line between 'petty' and 'serious' for purposes of the Sixth Amendment right to jury trial.

\*     \*     \*     \*     \*     \*

". . . [W]e have concluded that no offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized." 90 S.Ct. at 1887–8.

■ In cases where no maximum sentence is established by statute, the punishment actually imposed, rather than that which could have been imposed, determines the seriousness of the offense in determining the right to jury trial. *Thomas v. State, supra.*

Counsel have briefed and argued that the "two-tier" system of this State cannot pass constitutional muster under *Ludwig v. Massachusetts, supra*, because appeals from the Family Court to the Superior Court are impeded by the threshold provisions of Article IV, Section 28 of the Delaware Constitution which provide for a defendant's right of appeal only if the sentence imposed exceeds one month imprisonment or a fine of $100, and by the questionable fact that the appeal may be determined on the record rather than by trial *de novo.*

The right to a jury trial *de novo* on appeal depends upon whether the case falls within the "serious" or "petty" offense category.

■ The right to trial by jury is inviolable and attaches at the time a defendant is charged with a "serious" crime, or sentenced to more than six months imprisonment, any state constitutional or statutory provisions related to the right of appeal or otherwise notwithstanding. Accordingly, we hold that the constitutional right to trial by jury overrides the appeal limitations of *Del. Const.*, Art. IV, § 28 in an appropriate case.

■ The crucial question we must answer in this case is whether the defendant must be permitted to exercise his right to trial by jury in the first instance or must he first be tried and convicted in the Family Court before he may exercise his right to a trial *de novo* before a jury upon appeal. We are satisfied that the latter is the better course from the point of view of the defendant as well as the State. To permit defendant a trial by court in the Family Court, followed by a trial *de novo* before a jury upon conviction may appear to fly in the face of judicial economy and the desirability of the one trial one appeal concept. It also places time and cost burdens upon the defendant, the possibility of a more

severe sentence upon conviction after a trial *de novo*, and the psychological and physical side effects upon a defendant caused by the delay of a trial *de novo*. But on balance, we are satisfied that the burdens are less than the benefits derived by the defendant from an expeditious and normally more private disposition of the case in the Family Court following the dictates of 10 *Del.C.* § 902, the utilization of the first trial as a discovery tool, and, in the case of indigent defendants, representation by appointed counsel throughout. At the same time, the Family Court does not become a "jury court", with the attendant additional costs of operation and violation of the fundamental characteristics of that Court.

For the reasons stated the judgment of the Superior Court is REVERSED and REMANDED for further proceedings not inconsistent with this opinion.