324 S.E.2d 710

Oliver SCOTT

v.

**John R. McGHEE, Police Judge, etc., & Charles Smith, Prosecuting Attorney, etc.**

No. 16213.

Supreme Court of Appeals of West Virginia.

Dec. 19, 1984.

Daniel J. Post, Buckhannon, for petitioner.

J.W. Feuchtenberger, City Sol., Bluefield, for respondents.

HARSHBARGER, Justice:

█ Oliver Scott has invoked this Court's original jurisdiction in prohibition to enforce our decision in *Champ v. McGhee*, 165 W.Va. 567, 270 S.E.2d 445 (1980), wherein we held in the Syllabus that in municipal court "[u]nder Article III, § 14 of the West Virginia Constitution, the right to a jury trial is accorded in ... misdemeanors when the penalty imposed involves any period of incarceration", and directed "municipal courts to provide the proper machinery for summoning a jury". *Id.* 165 W.Va. at 571–572, 270 S.E.2d at 448. He seeks to prohibit any further criminal proceedings against him except by a jury trial in municipal court.[1] Finding that Scott has a clear legal right to the relief sought, we grant the writ.

On February 8, 1984, Scott was arrested by Bluefield policemen and charged with violating two city ordinances: discharging a firearm (§ 14–40) and carrying a dangerous weapon (§ 14–42). Each municipal offense is punishable by confinement not to exceed thirty days and by a fine not to exceed the amount set under state law for a comparable offense. The same offense under state law for at least one of the offenses carries a penalty of up to one year in jail.[2]

On February 22, 1984, he appeared before John R. McGhee, police judge of the City of Bluefield, and demanded a jury trial on the alleged ordinance violations. According to the relator, respondent McGhee refused his demand, ordered that the municipal charges be dismissed and directed respondent Charles Smith, prosecuting attorney for the City of Bluefield, to seek warrants charging Scott with criminal violations under state law. Respondent McGhee denies that he directed the prosecuting attorney to get state warrants, but admits he suggested to the arresting officer that he could secure state warrants upon his dismissal of the municipal charges.

Respondent McGhee, while conceding that criminal defendants are not afforded jury trials in the police court of Bluefield, asserts that he follows the procedures suggested in *Champ, supra*, i.e., when an offense carries a jail sentence, he either announces that no jail sentence will be imposed upon a guilty finding, or he requests that the accused waive his right to a jury trial. If no penalty is to be imposed, he serves as the fact finder; upon proper waiver of the right to a jury, the criminal case likewise goes forward. When a defen-

---

1. Notwithstanding our *Champ* decision, jury trials have yet to be afforded in Bluefield police court.

2. W.Va.Code, 61–7–1 provides:
   "If any person, without a state license therefor or except as provided elsewhere in this article and other provisions of this Code, carry about his person any revolver or pistol, dirk, bowie knife, slung shot, razor, billy, metallic or other false knuckles, or other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor, and, upon conviction

thereof, shall be imprisoned in the county jail *not less than six nor more than twelve months* for the first offense...." (Emphasis supplied.)

State law limits the maximum jail term for municipal ordinance violations to thirty days in jail. W.Va.Code, 8–11–1 and W.Va.Code, 8–12–5(57). Thus, if a defendant is punished for violating W.Va.Code, 61–7–1, he must be given a sentence in excess of the maximum thirty-day jail term he could have received in municipal court.

dant demands a jury and the offense is of such gravity that respondent believes he might impose a jail sentence, he dismisses the municipal charges and advises the arresting officer to pursue criminal charges under state law. Ordinarily, the dismissal is effected after a one-week continuance granted to permit the arresting officer, if he should so choose, to secure state warrants and to allow the accused to know if and when he will be arrested on state charges. Bond, if any, is returned to the accused immediately upon dismissal and no costs are assessed.

The respondent's practice does to an extent accord with that suggested in *Champ,* where we stated:

> This is not to say that a defendant cannot be sentenced to jail without a jury trial; it is to say, however, that any defendant in jeopardy of incarceration must affirmatively waive his right to a jury in writing before he may be tried and sent to jail without one. Similarly, if the judge signifies in advance of trial that the matter is exclusively administrative, such as a parking fine, and that notwithstanding provisions in the ordinance which permits [sic] a jail sentence, he will under no condition impose one, then the trial may proceed without a jury. *Id.* 165 W.Va. at 571, 270 S.E.2d at 447.

We also recognized in *Champ* that municipal police authorities could elect to bring criminal charges under either municipal ordinance or state statute. We stated:

> The Court recognizes that frequently serious misdemeanors are handled by the municipal courts; however, there is always concurrent jurisdiction for these offenses in the State magistrate courts. Since the State *Constitution* provides for a jury of six in magistrate court, and further provides the funds for paying jurors in magistrate court, the city constabularies can *elect* to secure a State warrant and prosecute in magistrate court where there is appropriate machinery for securing a jury. (Emphasis supplied.) *Id.* 165 W.Va. at 572, 270 S.E.2d at 448.

■ We did not hold, however, that a municipal court judge can dismiss a municipal charge solely because a criminal defendant has exercised his constitutional right to have a jury trial. We simply observed the existence of concurrent jurisdiction in magistrate court and stated that local authorities could elect under which they would proceed.

Scott contends that respondent McGhee's proposed dismissal of municipal charges, with the accompanying prospect of comparable misdemeanor charges carrying longer jail sentences being brought under State law, penalizes him for exercising his constitutional rights in violation of due process and equal protection as guaranteed by both Federal and State Constitutions.

■ We agree that he has been confronted with an unconstitutional *Hobson's* choice violating Article III, § 10 of the Constitution of West Virginia, our due process clause. The degree of coercion is so great that he has little choice but to waive his jury trial right to avoid a potential longer jail term. The municipal judge's practice places an excessive and unnecessary price on the exercise of a basic constitutional right. *See Blackledge v. Perry,* 417 U.S. 21, 91 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (due process forbids filing harsher charges because a defendant exercised his right to a *de novo* appeal); *United States v. Jackson,* 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968) (federal law providing that only a jury could impose the death sentence was held unconstitutional because it impermissibly burdened exercise of the right to a jury trial).

■ We conclude, therefore, that it is unconstitutional under our due process clause for a municipal court judge to dismiss municipal charges against an accused who demands a jury trial, when the penalty under state law for the same offense carries a heavier jail sentence than provided for by municipal ordinance. Certainly, the right to a jury is at least as important as the right to a *de novo* appeal.

■ The respondent's contention that municipal courts lack the lawful authority to summon juries is plainly untenable. Section 60 of Bluefield's Municipal Charter is unconstitutional insofar as it prohibits jury trials for violations of municipal ordinances that have confinement penalties. This is the manifest effect of our pronouncement

in *Champ* because it is basic law that "if a city charter provision conflicts with either our *Constitution* or our general laws, the provision, being the inferior law, must fail." *Marra v. Zink*, 163 W.Va. 400, 404, 256 S.E.2d 581, 584 (1979). Section 60 is thus no impediment to the City's authority to conduct jury trials for municipal ordinance violations. Municipalities have the power to summon and compensate jurors, such power being necessarily and fairly implied as an incident to the express powers they have been granted by W.Va.Code, 8–12–5 to arrest, convict, and punish criminal conduct violating municipal ordinances.

Municipal courts may summon people to serve on municipal court juries by a request in writing to the Circuit Clerk who shall certify a list of jurors from the panel of jurors selected to serve on circuit court petit juries. Jury costs consistent with state law shall be the responsibility of the municipality.

Consequently, Scott has a clear legal right to the relief sought and a writ of prohibition is therefore granted as prayed for prohibiting dismissal of the municipal charges against him and any other proceedings against him, except by way of trial by jury in municipal court.

Writ awarded.