375 S.E.2d 785

**CITY OF FAIRMONT**

v.

**Christina SCHUMAKER.**

**No. CC982.**

Supreme Court of Appeals of West Virginia.

Nov. 29, 1988.

**154**

George R. Higinbotham, Higinbotham & Higinbotham, Kourtney A. Ryan, City Atty., Fairmont, for City of Fairmont.

Roger D. Curry, McLaughlin and Curry, Fairmont, for Schumaker.

## PER CURIAM:

This case is a certified question from the Circuit Court of Marion County involving whether a defendant has a right to a jury trial in the municipal court when charged, by a warrant issued by the municipal judge, with driving while intoxicated, an offense carrying a mandatory jail sentence.

Christina Schumaker was arrested on August 23, 1987, by the Fairmont city police for driving while under the influence of alcohol. The municipal court for the city of Fairmont issued a warrant charging her with a violation of Fairmont, West Virginia, City Code, Part 3, Chapter 5, Article 333.01.[1] This ordinance is patterned after and carries the same penalties as the analogous State statute, W.Va.Code, 17C–5–2 (1986).

The defendant requested a jury trial in municipal court. The municipal court granted the defendant's request by removing the action to the Circuit Court of Marion County for purposes of trial by jury.[2] She filed a motion to remand the case alleging that her right to a jury trial in municipal court was unlawfully breached by the mandatory removal ordinance. She contended that she was entitled to a jury trial in municipal court prior to any appellate proceeding in the circuit court.

Upon consideration of the motion, the Circuit Court of Marion County, on its own motion, certified the following question to this Court:

"Where a defendant is charged by a warrant issued by a municipal judge with driving while intoxicated, an offense carrying a mandatory jail sentence; where the defendant requests a jury trial in municipal court; where a municipality does not provide a jury trial in any cases but rather removes the cases to Circuit Court for a jury trial pursuant to an ordinance providing, in part, 'in an action before the municipal court in which the defendant expresses a desire for a jury trial [or] has failed to refuse to execute the waiver [of a jury trial] ... said action shall be removed to the Circuit Court,' and where such case is in fact is [sic] removed to the Circuit Court; does the defendant nevertheless have a right to a jury trial in municipal court?"

The circuit court answered the question in the affirmative.

■■■ Disposition of this issue is controlled by our holdings in *Champ v.*

---

1. Section 333.01 provides, in pertinent part:

    "(c) Any person who:
    "(1) Drives a vehicle in this City while:
    "A. Under the influence of alcohol;

    \*   \*   \*   \*   \*   \*

    "(2) ... [s]hall be guilty of a misdemeanor, and upon conviction thereof, shall be imprisoned in the county jail for not less than one day nor more than six months, ... and shall be fined not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00)."

2. Part 1, Chapter 9, Article 189.05 of the Fairmont, West Virginia, City Code provides:

    "*Jury Trial.* (a) *WAIVER:* Any defendant in jeopardy of incarceration in any misdemeanor proceeding before the municipal court shall [1] affirmatively waive his right in writing to trial by jury before he may be tried and sentenced to any jail term; provided, notwithstanding the foregoing, the Municipal Court Judge, may, in his discretion, signify on the docket in advance of trial that he will under no condition impose a jail sentence and the foregoing waiver shall not be required.

    "(b) *REMOVAL:* In an action before the Municipal Court in which the defendant expresses a desire for a jury trial, has failed or refused to execute the waiver in Section No. 1 above, or there is no indication of the Municipal Court Judge, pursuant to Section No. 1 above, that he will not impose a jail sentence, said action shall be removed to the Circuit Court of Marion County for purposes of trial by jury. All appropriate documents shall be forwarded to the Clerk of the Circuit Court, and the matter shall then be heard by the Circuit Court. (Ord. 515. Passed 12/16/80)."

*McGhee*, 165 W.Va. 567, 270 S.E.2d 445 (1980), and *Scott v. McGhee*, 174 W.Va. 296, 324 S.E.2d 710 (1984). Those cases arose when the city of Bluefield attempted to avoid jury trials in its municipal court. In *Champ*, a DUI case, the defendant who requested a jury trial had to plead guilty or nolo contendere, post an appeal bond, and appeal to the circuit court where a trial *de novo* before a jury would be held. In *Scott*, the defendant was charged with discharging a firearm and carrying a dangerous weapon. When he demanded a jury trial, the municipal judge dismissed the charges and advised the prosecutor to obtain State warrants for the same offenses. However, the State statute carried substantially greater penalties. Both schemes failed because, as we said in the single Syllabus in *Champ v. McGhee, supra:*

> "Under art. 3, § 14 of the West Virginia *Constitution,* the right to a jury trial is accorded in both felonies and misdemeanors when the penalty imposed involves any period of incarceration."

Beginning with our 1863 Constitution, "clear and unequivocal constitutional, statutory and judicial language" has mandated trial by jury for misdemeanors when the penalty is imprisonment. *Hendershot v. Hendershot,* 164 W.Va. 190, 196–200, 263 S.E.2d 90, 94–95 (1980). The unanimity of this Court on this question expressed in *State v. Cottrill,* 31 W.Va. 162, 6 S.E. 428 (1888), and elaborated on in *Hendershot,* remains unaltered today.

The Fairmont removal ordinance, passed December 16, 1980, after our holding in *Champ,* attempted to avoid the *Champ* problem by providing a jury trial before the *de novo* appeal in circuit court. But its effect was to continue in operation an ordinance almost identical to the one in *Champ,* which prohibited trial by jury in municipal court.[3] These ordinances must give way to the constitutional entitlement to a jury trial in municipal court for a defendant facing incarceration.

The City here points out that the United States Supreme Court in *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), held that "serious offenses," affording a Sixth Amendment right to a jury trial,[4] are ones with a maximum possible penalty of incarceration for more than six months. The City argues that we are bound by this holding under W.Va. Const. art. I, § 1.[5] Where there is an inconsistency or conflict between a provision of the Constitution of this State and a provision of the Constitution of the United States, "the latter must be regarded as paramount, must prevail, and the former must yield." *Lance v. Board of Educ. of County of Roane,* 153 W.Va. 559, 564, 170 S.E.2d 783, 786 (1969), *rev'd on other grounds,* 403 U.S. 1, 91 S.Ct. 1889, 29 L.Ed.2d 273 (1971); *Pushinsky v. West Virginia Bd. of Law Examiners,* 164 W.Va. 736, 266 S.E.2d 444 (1980).

A higher standard of constitutional protection is neither an inconsistency nor a conflict. As we explained in *Hendershot v. Hendershot,* 164 W.Va. at 193–94, 263 S.E.2d at 92:

> "In this respect, *Oregon v. Haas,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975), permits a state under its constitution to set a higher standard of constitutional protection than is available under the federal constitution. We have recognized this principle in several cases. *State ex rel. McLendon v. Morton* [161], W.Va. [431], 249 S.E.2d 919 (1978); *Waite v. Civil Serv. Comm'n* [162],

---

3. Fairmont, West Virginia, Code, Part 1, Chapter 9, Article 189.02—Municipal Court, provides that "all cases shall be tried by the Judge without a jury." The Bluefield ordinance in *Champ* provided that "no jury shall be allowed in any trial in said court for the violation of any ordinance of said city."

4. In *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the United States Supreme Court held that the constitution afforded a right to a jury trial only for "serious offenses" and reaffirmed that "petty offenses" may be tried without a jury. We acknowledged the *Duncan* holding in *Champ*.

5. W.Va. Const. art. I, § 1 provides: "The State of West Virginia is, and shall remain, one of the United States of America. The Constitution of the United States of America, and the laws and treaties made in pursuance thereof, shall be the supreme law of the land."

W.Va. [154], 241 S.E.2d 164 (1977); *Adkins v. Leverette*, [161] W.Va. [14], 239 S.E.2d 496 (1977)."

Consequently, we answer the certified question as follows: Where a defendant is charged by a warrant issued by a municipal judge for driving while intoxicated, an offense carrying a mandatory jail sentence, the defendant has a right to a jury trial in municipal court. For the reasons stated in this opinion, the ruling of the circuit court is affirmed and case is remanded for disposition.

ANSWERED AND DISMISSED.