382 S.E.2d 568

**Stephen Shawn GAPP**

v.

**B. Malin FRIDDLE, Municipal Judge of the Town of Moorefield.**

**No. 19043.**

Supreme Court of Appeals of West Virginia.

July 5, 1989.

J. David Judy, III, Judy & Judy, Moorefield, for Gapp.

Howard E. Krauskopf, Moorefield, for B. Malin Friddle.

**PER CURIAM:**

Stephen Shawn Gapp seeks to prohibit [1] prosecution against him for his alleged violation of several municipal ordinances and three State statutes until he is afforded a jury trial as provided by Art. III, § 14 of the West Virginia Constitution.[2]  Gapp con-

---

1. Petitioner also seeks a writ of mandamus. Both writs seek essentially the same relief—that the petitioner cannot be prosecuted for the crimes charged without a jury trial.

2. Article III, § 14 of the West Virginia Constitution provides, in pertinent part: "Trials of crimes, and misdemeanors, unless herein other-

tends that he is entitled to a jury trial because the charges against him carry the possibility of incarceration and substantial fines.

On March 17, 1987, Stephen Gapp was charged with battery in violation of W.Va. Code § 61–2–9(c) (1978), obstructing a police officer in violation of W.Va.Code § 61–5–17 (1923), and resisting arrest in violation of W.Va.Code § 61–6–1b(a) (1987).[3] Both West Virginia Code §§ 61–2–9(c) and 61–5–17 are misdemeanors and may be punished by up to one year's incarceration.[4] The charges were filed in municipal court, and the trial was scheduled for May 11, 1989.

On April 26, 1989, Mr. Gapp filed a motion requesting a jury trial in the Municipal Court of Moorefield. In an order dated April 28, 1989, the municipal judge denied this request. Despite language in the State statutes permitting a jail sentence, the Municipal Court represented that under no condition would the defendant be incarcerated; thus, the petitioner was not entitled to a trial by jury. The petitioner then filed the same motion in the Circuit Court of Hardy County, which affirmed the Municipal Court's ruling.

■ Disposition of this case is controlled by our holding in *Champ v. McGhee*, 165 W.Va. 567, 270 S.E.2d 445 (1980). In the sole syllabus point of *Champ v. McGhee, supra*, we held:

> Under art. 3, § 14 of the West Virginia *Constitution*, the right to a jury trial is accorded in both felonies and misdemeanors when the penalty imposed involves any period of incarceration.[5]

*See also City of Fairmont v. Schumaker*, 180 W.Va. 153, 375 S.E.2d 785 (1988); *Scott v. McGhee*, 174 W.Va. 296, 324 S.E.2d 710 (1984); *c.f., Hendershot v. Hendershot*, 164 W.Va. 190, 263 S.E.2d 90 (1980).

■ The town contends that Mr. Gapp is not entitled to a jury trial because the Municipal Court promised that under no condition would the petitioner be incarcerated. In support of this proposition, the town directs our attention to dicta in *Champ v. McGhee, supra*. In *Champ v. McGhee*, 165 W.Va. at 571, 270 S.E.2d at 447, we suggested:

> Similarly, if the judge signifies in advance of trial that the matter is exclusively administrative, such as a parking fine, and that notwithstanding provisions in the ordinance which permits a jail sentence, he will under no condition impose

wise provided, shall be by a jury of twelve men ..."

**3.** The petitioner was also charged with violating corresponding provisions of the Moorefield City Code which provide for the same penalties as State law.

**4.** West Virginia Code § 61–6–1b(a) is a misdemeanor and punishable by a fine not to exceed one hundred dollars.

**5.** Several jurisdictions have held that a jury trial is required whenever the possible sanctions include imprisonment. *E.g., Baker v. City of Fairbanks*, 471 P.2d 386 (Alaska 1970) (Alaska Constitution requires jury trial for any offense that involves a possibility of incarceration or loss of valuable license); *State v. Bennion*, 112 Idaho 32, 730 P.2d 952 (1986) (Art. I, § 7 of the Idaho Constitution guarantees jury trial whenever possible sanction includes imprisonment); *People v. Villarreal*, 114 Ill.App.3d 389, 70 Ill.Dec. 324, 449 N.E.2d 198 (1983) (Rule of criminal procedure provides for the right to a jury trial in any case involving a misdemeanor even if crime is punishable by a fine only); *Marzen v. Klousia*, 316 N.W.2d 688 (Iowa 1982) (magistrate violat-

ed rule of criminal procedure when he denied defendant a jury trial in a simple misdemeanor case after timely demand was made); *State v. Sklar*, 317 A.2d 160 (Maine 1974) (Maine Constitution guarantees a jury trial for every prosecution which is criminal, regardless of whether it is "petty" or "serious"); *Cahill v. Fifteenth Dist. Judge*, 70 Mich.App. 1, 245 N.W.2d 381 (1976) (whenever defendant may receive a jail sentence he has a constitutional right to a jury trial); *Peterson v. Peterson*, 278 Minn. 275, 153 N.W.2d 825 (1967) (state constitution confers jury trial for all criminal prosecutions, regardless of gravity); *State v. Becker*, 130 Vt. 153, 287 A.2d 580 (1972) (jury trial is required by state constitution for all criminal offenses, even if maximum penalty involves no incarceration and only a $50 fine); *City of Pasco v. Mace*, 98 Wash.2d 87, 653 P.2d 618 (1982) (state constitution guarantees a right to a trial by jury for every petty offense); *State ex rel. Murphy v. Voss*, 34 Wis.2d 501, 149 N.W.2d 595 (1967) (constitutional right to a jury trial extends to all misdemeanors).

The minimum requirements of when the right to a trial by jury attaches under the Federal Constitution are prescribed in *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

one, then the trial may proceed without a jury.

We concede that this language appears to compromise the syllabus of that opinion. It is the gravity of the offense, and not the punishment ultimately inflicted, that creates a defendant's right to trial by jury. An appropriate yardstick to measure the gravity of the offense is whether the Legislature has provided for possible incarceration.[6] If it has, the right to a jury trial attaches as soon as the defendant is charged. This right is the defendant's, and can be waived by him alone. It cannot be disparaged by a judge's premature sentencing decisions.

Because both W.Va.Code §§ 61–5–17 and 61–2–9(c) provide for a possible jail sentence, we grant a writ of prohibition to prohibit petitioner's trial without a jury.

Writ granted.

---

**6.** We need not, and do not, decide at what point a criminal statute prescribing only a fine may nonetheless create an offense grave enough to invoke the guarantee of art. III, § 14 of the West Virginia Constitution.